## DRAPER *v.* DAVIS.

Although, in default of payment, a deed of trust authorizes a sale by the trustee,
  yet where he attempts to sell property which is subject to conflicting liens,
  and it is doubtful whether a part of it is covered by the deed, a court of
  equity has jurisdiction to restrain the sale, determine the rights of all parties,
  and administer the fund.

APPEAL from the Supreme Court of the District of Co-
lumbia.

The facts are stated in the opinion of the court.

*Mr. William A. Meloy* for the appellant.
*Mr. John Selden* and *Mr. Leigh Robinson, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.
The circumstances out of which this case grew were as fol-
lows: In 1867, Draper, Thomas, and Bodine, partners in
business, having purchased a planing-mill, with its fixtures,
machinery, and chattels, from one Henry S. Davis, executed

to Fendall and Winder a deed of trust to secure the payment of notes to the amount of $20,000, given to Davis for the purchase-money. The deed embraced the lot, the mill, machinery, and all other goods and chattels on the premises, and also all other machinery and other articles then in and on said premises, or which might thereafter be placed in and upon them. This debt was reduced by payments to an amount somewhat less than $10,000.

In July, 1872, Bodine sold his interest to Draper and Thomas, and to pay him they borrowed $10,000 of one Mrs. Forest, and executed, as security therefor, a trust deed to Anthony Hyde, upon the same lot, mill, machinery, fixtures, and furniture then on the premises, and also upon several other lots not embraced in Davis's trust deed.

In February, 1875, the mill burned down, and Draper and Thomas rebuilt it at an expense of about $3,600, Davis furnishing the money.

Draper and Thomas failing to pay their interest, in March, 1877, Hyde, as trustee for Mrs. Forest, advertised for sale the property embraced in her deed of trust, including the fixtures, machinery, and personal property in the planing-mill. The original bill in this case was filed by Draper to restrain the sale. The principal grounds on which the bill was founded were, that Hyde threatened to sell more property than was embraced in his trust deed; that the sale at that time would be attended with a great sacrifice; that Davis's trust deed was prior to that of Mrs. Forest's; that her deed did not cover the machinery and chattels procured since the fire, or since its execution; that Thomas in 1870 had executed a trust deed on his share to the complainant Draper to secure $2,600; that Mrs. Forest's trust deed covered other property; and that to secure a just and equitable distribution of the proceeds there should be a sale under a decree of the court. The bill prayed an injunction to prevent Hyde from making a sale as proposed by him, especially as to the machinery and personal property, and made Thomas and his wife, Davis and his surviving trustee, Winder, and one Champlin, parties defendant. A temporary injunction was granted. Answers were filed and proofs taken. In June, 1877, whilst the suit was pending, Davis

directed his trustee, Winder, to advertise for sale the property embraced in his deed of trust. Draper then filed a supplemental bill to enjoin this sale. The court finally made a decree, directing Winder to sell all the property embraced in the trust deed executed to him and Fendall, including the planing-mill, fixtures, machinery, and personal property, and to bring the proceeds into court to abide its further order, retaining the cause in the mean time for the purpose of ascertaining the condition of all the parties after the sale shall have taken place. Hyde was enjoined from making a sale until further order.

Draper appealed from this decree. Why he has appealed it is somewhat difficult to see. The decree is substantially in accordance with what he sought by his bill, — a judicial administration of the property and a provision for ascertaining the equities of the parties. We think that the decree was a just and proper one. Although a deed of trust to secure a debt usually authorizes the trustee to sell on default of payment, yet where a trustee attempts, as Hyde did in this case, to sell property subject to conflicting liens, some of which it is at least questionable whether his deed covers, it is the right of the other parties interested to bring the matter before a court of equity for the purpose of deciding the mutual rights of the parties, and administering the fund accordingly. No injury is done by the decree appealed from to Davis or to Mrs. Forest, because they want a sale to be made, and the sale ordered by the court will fully protect their rights, as well as those of all the other parties; and, besides, they have not appealed from the decree. It cannot be doubted that the court had full power to take the trustee, Winder, under its control and to direct him to dispose of the trust fund embraced in the deed executed to him, including the personal property in dispute. As it is the purpose of the court to adjust all the equities of the parties in due and regular course, we are unable to perceive anything in the decree which can injuriously affect the appellant.

*Decree affirmed.*