## Wytheville.

ALEXANDER V. HOWE AND ALS.

August 9th, 1888.

EQUITABLE JURISDICTION AND RELIEF—*Trust deed—Judicial sale.*—Trustee advertises land for sale under trust deed Owner enjoins sale on the ground of usury and the pendency of suit to partition the tract whereof this was an undivided part. Circuit court perpetuated injunction as to the usury, and dissolved it as to residue of the debt, and decreed that trustee proceed to sell the land and report to court. Trustee, ascertaining that there were several liens on the land, sold it "free of liens," and reported that fact to the court, and asked that an account of liens be taken before the proceeds of the sale were disbursed;

HELD:

The sale was a judicial sale, and was premature and erroneous, in that it was ordered before the liens were ascertained by the court, it appearing that liens existed. *Shultz* v. *Hansbrough*, 33 Gratt. 576.

Appeal from decree of circuit court of Pulaski county, rendered at its October term, 1887, in the chancery suit wherein H. H. Alexander is complainant, and H. B. Howe, and J. C. Wysor, trustee, are defendants. The decree being adverse to Alexander, he appealed. Opinion states the case.

*J. H. Larew,* for the appellant.

*J. C. Wysor,* for the appellee.

LACY, J., delivered the opinion of the court.

The case, briefly stated, is as follows: On the 3d day of December, 1883, the appellant executed a deed to the appellee,

Wysor, conveying in trust "his entire interest in all the lands and real estate, situate in Pulaski county, in the State of Virginia, of which his mother, the late Mrs. Virginia Alexander, died seized, his interest in said lands and real estate, being one-eighth part thereof, subject to the life-estate of his father, J. B. Alexander," to secure to the appellee, Howe, the sum of one thousand dollars, evidenced by his bond of said date, and payable two years after date." It was stipulated in the deed that if default should be made in the payment of the said bond, when it became due, that the trustee should sell the property conveyed in the deed, conforming his action to the provisions of section 6, ch. 113, Code 1873. At the maturity of the debt, the trustee, being so requested by the beneficiary therein, proceeded, as provided in the deed, to sell the property therein conveyed, when the debtor, the said appellant, Alexander, applied for and obtained an injunction from the judge of the circuit court of Pulaski, restraining the said trustee from selling the property conveyed in the said deed, (1) upon the ground that the debt was tainted with usury as to $80 of the said $1,000 loaned; (2) that a suit was depending between the heirs at law of the said Virginia Alexander for partition of the said land, and that a sale of the undivided interest of the said appellant would necessarily result in great sacrifice to him and his other creditors. The appellee demurred and answered that he had lent the money in question to prevent the sale of the land by another creditor; admitted the usury as to $80, and that the partition suit had been instituted since his deed was executed; that the debt was overdue more than a year; and that the injunction should be dissolved and the bill dismissed. At the hearing, the usury being admitted, the injunction was perpetuated as to the usurious exaction, and dissolved otherwise, and gave costs against the defendant, Howe; and it was decreed that the trustee should proceed to sell and make report to court. This decree was rendered, as stated, at the October term, 1887. No party to the suit appeared to have asked for an account of liens, and up to

this point it did not appear in the record that there were any judgments or other liens binding the land, except the general reference to other creditors contained in the bill. But on the 28th of December following, the trustee, Wysor, made a report in the cause, in which he reported that, before proceeding to sell the land in question, he had "ascertained there were quite a number of liens on the said interest, some of which were prior in date to the deed of trust under which he was selling, and that he did not deem it proper, in making the sale, to pay over any of the purchase money to the *cestui que trust* under the deed under which he was selling as trustee, but that he concluded to sell said interest free from all incumbrances, except the life-estate of J. B. Alexander, the father, and report the purchase money to court." And this he did announce at the sale, and brought the money into court, and the court, by decree in the cause in vacation, upon motion of the defendant, referred it to one of the commissioners of the court to take an account of liens. The report is not expressly confirmed by the court. The cause being brought on to be heard on the report of J. C. Wysor, trustee, showing a sale of the real estate in the bill and proceedings mentioned, and upon the motion of the defendant, an account of liens is ordered, the report of the trustee having set forth that he had collected all the purchase money in cash, and held it subject to such inquiry. The plaintiff, who seems to have regarded the decree of the court as decisive of the principles of the cause, brought the case to this court by appeal.

The first error assigned here is, that this sale being a judicial sale, it was error to decree the same without an account of liens being first taken, or unless it appears that the liens are all set forth in the pleadings or the evidence. Says Mr. Barton (Ch. Pr. 1062): "It has been settled by repeated decisions that it is error to decree a sale of land before taking an account of liens thereon (citing *Lipscombe* v. *Rogers*, 20 Gratt. 658, and *Draper* v. *Davis*, 14th Otto, 104 U. S. 347), and their respective priorities (citing *Kendrick* v. *Whitney*, 28 Gratt. 646, and *Horton* v. *Bond*,

Id. 815, and other cases), unless it appears by the pleadings or evidence that all the liens are set forth in the bill and proceedings, and may be ascertained and determined by decree without an order of reference (citing *Anderson* v. *Nagle,* 12 W. Va. 113)." He says further: "The same rule applies to cases where there is a cloud upon the title, and this whether the proceeding is to enforce a judgment or to sell under a deed in trust." Citing *Shultz* v. *Hansbrough,* 33 Gratt. 576, and other cases. That the sale in this case was a judicial sale cannot be denied. The aid of the court was not only invoked, but the amount of the debt was determined, a part being rejected, and the sale ordered by the court, and the trustee ordered to report to the court, and it was made in a pending suit. As was said by this court in *Terry* v. *Coles,* 80 Va. 701, Mr. Barton defines a judicial sale to be one which is made by a court of competent jurisdiction in a pending suit, through its authorized agent, and this definition seems complete. It must be made in a pending suit. Says Mr. Rorer : "A judicial sale is made *pendente lite;* whereas, an execution sale is made after litigation in the case is ended, for, as we have before seen, a judicial act is something done during the pendency of a suit. The suit does not end with a decree of sale ; the proceeding still continues until final confirmation." Ror. Jud. Sales, §§ 1, 18 ; *Williamson* v. *Berry,* 8 How. 495. And we may observe, in this ca-e, as in that, that in the light of all the authorities, the sale in this case is what is called a "judicial sale." It was made by the court, through its agent or officer, in a pending suit ; and the sale was, by the decree ordering the sale, expressly made to depend upon approval or confirmation by the court ; and to that end it was ordered to be reported to the court, and the court is the vendor. It will be observed that the court below has not confirmed the sale in this case. Consequently that question is *in fieri,* and there has as yet been no sale, as the sale is subject to confirmation by the court ; and until that is done, the whole matter is under the control of the court, and there has been no actual sale. But the circuit court has decreed a

sale without first ascertaining the liens in any way, either by an account, or by stating them in the decree from the pleadings or the evidence. Can this be done? This court said, in the case of *Horton* v. *Bond, supra:* "The court is further of opinion that if it had been ascertained that a sale was necessary, the said decree of the county court was still premature and erroneous in ordering said sale before ascertaining, settling, and determining what debts were chargeable on the lands, the amounts thereof, to whom payable, and the order in which they are so payable." "This principle," says the court in that case, "was established at an early day in the leading case of *Cole's Adm'r* v. *McRae,* 6 Rand. 644, where it was held that such a decree as that rendered by the said county court was premature and erroneous, because a sale, without previously ascertaining and determining the liens and incumbrances, and the order in which they are chargeable, has a tendency to sacrifice the property sold by discouraging the creditors from bidding as they probably would if their debts, etc., had been previously ascertained. This case has been followed by numerous decisions of this court to the same effect." Citing *Moran* v. *Brent,* 25 Gratt. 104. "It would be improper and illegal for a trustee *in pais* to make sale of lands with clouds resting on the title, and, if he attempted it, a court of equity, on a bill filed by the debtor or any other party having an interest, would restrain him. *A fortiori*, a court, having full possession of the subject in a pending suit, should not decree sale until every impediment to a fair sale is by its aid removed as far as practicable." Id. 824; *Rossett* v. *Fisher,* 11 Gratt. 492, 499; *Lane* v. *Tidball,* Va. (Gilmer), 130. See the opinion of Richardson, J., in *Hoge* v. *Junkin,* 79 Va. 230, 231. The late case in this court of *Muller's Adm'r* v. *Stone,* 84 Va. 834, is cited in the argument as a case to the contrary; but an inspection of that case will show that the foregoing authorities, or most of them, are cited and approved, and the case is distinguished; the court saying: "But it is not the duty of a trustee, in every case, to invoke the aid of a court of equity before making a sale of the

trust subject when there are liens thereon." "It is only when the aid of a court of equity is necessary that it ought to be applied for, and it is only in such a case that its aid will be extended. If there are no real impediments in the way of a fair execution of the trust, then its aid is not necessary, and the costs of a lawsuit ought not to be added to the ordinary costs of executing the trust. According to these principles, there was no necessity for the trustee in the present case to resort to a court of equity, and consequently there was no error in denying the prayer of the appellant for an account to be taken. Such an account was not necessary. The record shows that there was no cloud resting on the title, or doubt or uncertainty as to the debts binding the trust-estate, or conflict among the creditors, or any other impediment whatever to the execution of the trust *in pais.* On the contrary, it shows that the exact amount of all the debts, and their respective priorities, were fully known, and that there was no dispute on any of these points." See the opinion of Lewis, P., pp. 838, 839. In this case it is a concession that all these difficulties and impediments do exist, and the case comes within the rule of the cases first cited. The trustee, finding his pathway obstructed at the moment of the sale, endeavored to remove the obstructions, and declared that he would sell free of liens. This he had no power to do. The decree under which he acted restricted his powers, and at the same time defined and limited them. Nothing that he could do could affect the rights of creditors not before the court and parties to the cause in any sense. It may be, and is, argued that no harm was done, as the purchase money, $2,000, was paid in cash, and is held to await the account of liens; but the debtor excepts to this mode of proceeding, as tending to sacrifice his land; and according to a long line of decisions, not now to be disturbed, and sound upon principle and reason, it is settled that the liens should first be ascertained, their priorities fixed and determined, in order to prevent a sacrifice of the property. It was proper to settle all this before decree was rendered for the sale, and it

was error in the circuit court to decree the sale beforehand, bring the money into court, and settle the priorities of the liens afterwards. The record shows that this was a case where there were prior liens to the incumbrance of the trust deed, and others of inferior dignity. Upon all the principles on this subject, stated above, so long and so distinctly settled, the said decree is erroneous and must be reversed and annulled.

DECREE REVERSED.