# Richmond.

## MANN v. PADDOCK AND OTHERS.

### November 19. 1908.

1. PARTNERSHIP—*Land—Conveyance to Firm—Partnership Assets—Application of Assets—Judgment Against One Partner.*—Where land was conveyed to a partnership engaged in constructing a railroad, and it appears that the consideration for the conveyance moved from the individuals who composed the firm as partners, that the deed was to them as partners, and that the land itself has been subjected to partnership uses in a final settlement between the partners in which the land is "taken over," though without deed, by one of the partners, for a debt due him by the other partner, a judgment subsequently obtained against the latter does not constitute a lien on said land, or any part thereof, or interest therein.

Appeal from a decree of the Circuit Court of Wise county. Decree for the defendants. Complainant appeals.

*Affirmed.*

In addition to the facts stated in the opinion of the court, it may be stated that in July, 1901, at the time of the settlement by the partners of the partnership affairs, Dixon "took over" the interest of Paddock in the lots in controversy in part payment of what Paddock was found to be due him, though no deed was made at that time by Paddock to Dixon, nor was any made till after the institution of this suit. But Paddock ever afterwards admitted that the lots belonged to Dixon and never claimed any interest therein. Paddock, however, subsequently brought suit against Dixon to surcharge and falsify their settlement, and recovered judgment for a considerable sum, which judgment has been paid off and discharged, but at no time

since the settlement has he claimed any interest whatever in the lots in controversy.

*Bond & Bruce,* for the appellant.

*Ayers & Fulton* and *Vicars & Peery,* for the appellee.

KEITH, P., delivered the opinion of the court.

T. G. Mann filed his bill in the Circuit Court of Wise county, Virginia, for the purpose of subjecting F. S. Paddock's undivided interest in seven lots of land in the town of Wise, Virginia, to the payment of his judgment of $605.09. One of the defendants, John T. Dixon, filed his answer, in which it is claimed that the lots in question, being partnership assets, had been converted into personal property, so that the judgment of Mann was not a lien upon them, and the bill was dismissed.

M. B. Hoback was the owner of a parcel of land in the town of Wise, containing 5½ acres, and on the 7th day of September, 1893, he entered into an agreement with the Gladeville Railroad Company, whereby, in consideration of the benefit accruing to him from the construction of a line of railroad, he agreed to give to the railroad company a one-half interest in the land. Some time after this John T. Dixon and F. S. Paddock formed a partnership under the firm name of Dixon-Paddock Lumber Company, for the purpose of manufacturing and shipping lumber and building and operating a railroad, and the holders of a large part of the capital stock of the Gladeville Railroad Company gave to said Dixon and Paddock their shares of stock in the said railroad company free of cost, in order to secure the completion and operation of a railroad to the town of Wise. Dixon and Paddock, owning a majority of the capital stock of the railroad company, procured an agreement from M. B. Hoback and wife to subdivide the tract into lots, and on

the 8th day of September, 1900, Hoback and wife conveyed to the Dixon-Paddock Lumber Company the lots in controversy in this suit. This deed recites: "That whereas, the said M. B. Hoback on the 7th day of September, 1893, entered into an agreement with the Gladeville Railroad Company, in consideration of the sum of one dollar in hand paid, and further consideration of the benefits to be derived from the construction of the railroad from Ramsey, Virginia, to Wise, Virginia, agreed to convey to said railroad company one-half interest in and to that certain piece or parcel of land lying and being in the east end of the town of Gladeville, and adjoining the college lot, supposed to contain five and one-half acres, as and for his subscription to said company; and whereas, on the ——————— day of ——————, 18—, the subscribers of the capital stock of the Gladeville railroad transferred their paid-up stock to John T. Dixon and F. S. Paddock in consideration that they would build and equip a line of railroad from Ramsey to Wise, Virginia, and the said M. B. Hoback agreed to convey a one-half in and to the tract before mentioned, as and for a donation to said company; and whereas, the said John T. Dixon and F. S. Paddock sold the interest which they acquired in the land aforesaid to the Dixon-Paddock Lumber Company, and directs that conveyance be made from the said M. B. Hoback and wife to the said Dixon-Paddock Lumber Company; and, whereas, the Dixon-Paddock Lumber Company and M. B. Hoback on the ——————— day of ——————, 18—, laid off into lots, streets and alleys the said tract of land, and divided the same between them as is shown by the plat of the said lots, recorded in the clerk's office of Wise county circuit court, marked 'Hoback addition' of the town of Gladeville; now, therefore, in consideration of the premises aforesaid, and the further consideration of one dollar cash in hand paid, the receipt of which is hereby acknowledged, the parties of the first part do grant, bargain and sell unto the Dixon-Paddock Lumber Company, and do hereby convey with covenants of general warranty, lots

2, 3, 4, 5, 7, 13, 14, 15 and 16, as shown by the plat aforesaid, and recorded as aforesaid, marked 'Hoback addition of the town of Gladeville.' To have and to hold said lots with all the appurtenances thereto belonging unto the Dixon-Paddock Lumber Company, and its assigns forever." ·

On the 9th day of July, 1901, the partnership known as the Dixon-Paddock Lumber Company was dissolved, and a final settlement of the partnership affairs took place as of that date. The assets of the firm, as shown by a memorandum of that settlement, consisted of $23,851.95, which includes the item of $800, value of real estate at Wise, Virginia. The liabilities, which embrace a debt to John T. Dixon of $14,111.49, aggregated $17,885, leaving a balance of $5,966.27, one-half of which ($2,983.13) was due F. S. Paddock. It appears, however, that Paddock owed Dixon about $4,000, between $3,300 and $3,500 of which was for the purchase of partnership property.

Mann's judgment against Paddock was obtained on the 31st day of December, 1901.

While it does not appear that the Dixon-Paddock Lumber Company paid in cash or in property a consideration for the deed to these lots made to them by Hoback, the consideration moving Hoback to make the deed does appear to have been the construction and equipment by Dixon and Paddock of a line of railway, in the construction of which Hoback was interested. It does appear that Dixon and Paddock had sold their interest in the land in question to the Dixon-Paddock Lumber Company, and that the conveyance was made to that company, which was a partnership composed of John T. Dixon and F. S. Paddock. .

These facts, we think, constituted these lots the partnership property of the Dixon-Paddock Lumber Company, the legal title to which was held in common by the constitutent members of that partnership as partnership property for the use and benefit of the partnership. The consideration moved from Paddock and Dixon as partners; the deed from Hoback is to

them as partners; and the property itself was finally subjected to partnership uses in the settlement made on the 9th of July, 1901. After that settlement was entered into, it seems that Paddock sued Dixon and recovered a large sum of money from him, but that judgment can cut no figure in this controversy. The judgment sued on did not bind that recovery, and it has been settled and discharged since the institution of this suit.

We do not find it necessary to go into the interesting questions discussed, with respect to the rule prevailing in Virginia as to how far real estate held by partners is to be deemed personal property. Whether the English rule—which deems real estate, held by persons who are partners, as being converted into personalty to all intents and purposes—or the rule which generally prevails in the United States—which limits the conversion to the purposes of the partnership—shall ultimately be adopted into our jurisprudence, we are satisfied that under the facts disclosed by this record there is no error in the decree of the circuit court, which is affirmed.

*Affirmed.*