# JANUARY TERM.

## CHARLESTON.

### CUNNINGHAM *v.* WARD.

Submitted January 12, 1888.—Decided January 28, 1888.

1. PARTNERS AND PARTNERSHIP—PROPERTY—LIABILITY FOR PARTNER-
    SHIP DEBTS—INDIVIDUAL DEBTS.
    When real estate is purchased with partnership funds for part-
    nership purposes, and so used, and the conveyance is made to the

partners individually as tenants in common or joint tenants, but it appears on the face of the deed that they are partners, and as such have bought the property, the individual partners hold the legal estate subject to the debts and equities of the partnership. (p. 577.)

2. PARTNERS AND PARTNERSHIP—DEED OF TRUST.

A conveyance subsequently by one partner of an undivided moiety of such real estate to a trustee, to secure his individual creditors, passes the legal title to one undivided moiety of such real estate, but subject to the prior implied trust in favor of partnership creditors, or the balance due another partner upon a settlement of the partnership accounts; and after their payment the interest of the partner making such deed of trust in said real estate is bound by the express trust to pay his individual debts secured in such deed of trust. (p. 581.)

3. PARTNERS AND PARTNERSHIP—INJUNCTION.

In such case neither the other partner nor partnership creditors can enjoin the sale by the trustee under such deed of trust, as the purchaser at such a sale would hold the land subject to their prior equities, appearing on the face of the deeds under which such purchaser would claim the land bought at such sale. (p. 581-2.)

Statement of the case by GREEN, JUDGE :

This was a suit in chancery, instituted in the Circuit Court of Roane county by the filing of a bill praying, among other things, the awarding of an injunction against the defendant, A. B. Wells, trustee, from proceeding to make sale of the land in the bill mentioned. The bill was filed in open court on March 25, 1885, and the injunction asked was awarded as prayed for in the bill, which was sworn to by the plaintiff, P. G. Cunningham. The bond, with approved security in the penalty of $200.00, the amount fixed by the court, was at once given; and the injunction took effect.

The bill states that the plaintiff, P. G. Cunningham, and the defendant, James T. Ward, were for about 15 years partners, doing business in said county of Roane under the name of Ward & Cunningham; that "as such partners, and with the partnership funds, they purchased several tracts of land, which were conveyed to said Ward & Cunningham by several deeds, by five several parties, [naming them,] containing in all 770¼ acres, more or less. Said deeds were all recorded in the clerk's office of the County Court of said county." The bill says that copies of these deeds will be

furnished if required; but no copies of any of them were ever filed; and there is nothing in the record to indicate what was the character of any of them, other than the above statement, except, perhaps, the deed of trust given by James T. Ward and wife on the 11th day of April, 1883, on his interest in those lands, to secure certain individual creditors of said Ward.

The bill states that "this real estate was owned and held and used as partnership property of said firm of Ward & Cunningham; that said firm was dissolved in 1880, and said real estate is assets of the said late firm, and first liable to pay the debts thereof; that its business has not been entirely settled; that there are several suits now pending against the firm, [naming the suits,] which suits are undecided; that this real estate is all the partnership property, and is subject to the payment of these or any other partnership debts, though said Ward had made, on April 11, 1883, a deed conveying the undivided half of these several tracts of land to A. B. Wells, trustee, to secure the payment of a number of individual creditors of said Ward, named in the bill." A copy of this deed of trust is filed with the bill. It conveys his "undivided one half interest in each of these tracts," naming them, and stating that they severally are "now of record in the name of P. G. Cunningham and James T. Ward, purchased of certain persons severally," [giving their names, and the situation severally of each tract, and for a more particular and accurate description referring severally to the deeds from the several grantors to 'Ward & Cunningham, on record in the county clerk's office of said county.'] This deed concludes the description of the lands conveyed thus: "This deed is intended to convey, and the above land described is all the land situated in said county owned in common by said P. G. Cunningham and said James T. Ward, containing in all 770¼ acres." This conveyance was in trust, to secure a number of individual debts of James T. Ward,—naming them severally. They amounted to more than $3,000.00; but the bill states that payment had been made on those debts which reduced them to some $1,800.00.

The bill states, also, that a part of the original purchase-money on one of the tracts of land, bought of one Edwards,

was still unpaid, and that the trustee in the deed of trust, A. B. Wells, has advertised the real estate to be sold under the deed of trust, on March 25, 1885, for cash, as authorized by the deed of trust; that said Ward is insolvent; that there is a suit pending,—naming it,—to ascertain his indebtedness; and the bill then concludes "that said sale by the trustee, on March 25, 1885, before the amount and priority of said Ward's indebtedness in this suit are ascertained, and the amount of the liability of the said firm of Ward & Cunningham is ascertained and fixed, would result in a mere sacrifice of these lands, and the plaintiff would be irreparably injured by such sale."

This bill then concludes thus: "The plaintiff therefore prays that the said A. B. Wells, trustee, may be enjoined and restrained from making said sale until the amount and character of the liability of said Ward & Cunningham be ascertained and fixed; and that said partnership property be first subjected to the payment and discharge of the said liability of the said firm of Ward & Cunningham; and that said sale be further restrained and enjoined until the true amount of the unpaid indebtedness of said James T. Ward, mentioned in said trust deed, be ascertained and fixed. He also asks such other, further, and general relief as the court may see fit to grant."

The parties defendant to the suit were James T. Ward, the trustee A. B. Wells, and the several creditors of Ward secured by this deed of trust.

The cause having been matured for hearing on the 1st day of September, 1885, the court by its decree referred it to a commissioner "to take and state the account of the late firm of Ward & Cunningham, showing (1) for what indebtedness said firm owes or is liable for, and to whom owing; (2) state the account between said Jas. T. Ward and P. G. Cunningham growing out of said firm business; (3) any other pertinent matter." The defendants other than James T. Ward demurred to this bill, and the plaintiff joined in the demurrer, on March 31st, 1886. The court by a decree overruled the demurrer, and these defendants filed a joint answer.

I deem it unnecessary to state the contents of this answer

except to say that they denied that there were any outstanding debts of the late firm of Ward & Cunningham; and, if there were, they alleged that abundant assets of the firm had been left in the hands of the plaintiff, P. G. Cunningham, to 'pay all the partnership debts, and that he had assumed to pay off all the debts of the late firm of Ward & Cunningham in consideration of these assets of the firm having been left with him, and that he had never accounted for these assets so left with him.

The commissioner reported, on July 29, 1886, that the amount of the indebtedness of the late firm of Ward & Cunningham unpaid was $204.31, and that, in addition, the plaintiff, P. G. Cunningham, had, out of his own fund, paid debts of Ward & Cunningham to the amount of $2,280.05; and that Ward had collected $1,214.14, which he had not accounted for; and that therefore J. T. Ward was indebted to P. G. Cunningham the one half of these two sums, or $1,747.09½, with interest from March 25, 1886. There was returned with this report all the evidence taken by the commissioner,—four depositions and a number of exhibits. The evidence was in reference to the settlement between the partners of the business of the late firm of Ward & Cunningham, and was very unsatisfactory in its character; but I deem it unnecessary to state what it proved. There were five exceptions filed to this report by the defendants, who were *cestuis que trust* in this deed of trust.

On December 1, 1886, the court rendered this decree: "This cause came on the 1st day of December, 1886, to be further heard upon the papers read upon former hearings; and upon the former orders and decrees entered in this cause; upon the report of Commissioner Jonathan Smith, made and filed in the Circuit Court clerk's office on the 14th day of August, 1886; and upon the exceptions indorsed by John T. Halliday & Co., Hutchinson & Baldridge, Allemong, Baer & Co., and by L. Z. Cadot & Co., by their attorneys, on the 10th day of August, 1886; and upon the motion of the said defendant here named to dissolve the injunction heretofore granted in this cause on the 25th day of March, 1885, against A. B. Wells, trustee. And the said exceptions being seen and inspected by the court, and the said motion to

dissolve the said injunction being argued by counsel by both parties, and maturely considered by the court, the court is of opinion to and doth sustain each and all of the exceptions indorsed upon the said report of the said commissioner, Jonathan Smith; and the court is further of opinion that the said injunction should be dissolved. It is therefore adjudged, ordered, and decreed that the said injunction be, and the same is, wholly dissolved and held for naught; and that the plaintiff's bill as to the defendants, A. B. Wells, trustee, John T. Halliday & Co., Hutchinson & Baldridge, Allemong, Baer & Co., and L. Z. Cadot & Co., be, and the same is, dismissed; and that said defendants, A. B. Wells, trustee, John T. Halliday & Co., Hutchinson & Baldridge, Allemong, Baer & Co., L. Z. Cadot & Co., do recover their costs against the plaintiff in this cause expended, including a statute fee of $20; and that any of the common-law processes may issue to enforce the same."

From this decree P. G. Cunningham has obtained from this Court an appeal and *supersedeas.*

*Shilling & Cunningham* and *J. E. Kenna* for appellant.

*G. W. Walker* and *Wells & Pendleton* for appellees.

GREEN, JUDGE:

The first inquiry presented by this record is: Did the court below err in overruling the demurrer to the plaintiff's bill by its decree of March 31, 1886? There can be no question but that the personal property of a partnership could not be subjected to the satisfaction of the individual debts of one of the partners, until the satisfaction of all the debts of the partnership, including any debt or debts due to any other member of such partnership. It is also well settled that if real estate be purchased with partnership funds for partnership purposes, and used as partnership property, and the deed conveys the real estate to the individual partners, though such deed conveys the legal title of the land to them individually as tenants in common, or as joint tenants, yet if upon the face of the deed it appears that they were partners, and the land was purchased for partnership uses, they will hold such land as trustees for the partnership, as against

73

all creditors of one of the individual partners, whether claiming by judgment-liens against him, by a deed of trust executed by him to secure his individual debts, or in any other manner. And, in a court of equity, such real property, so held by the individual partners in trust for the partnership as partnership property, will be first subjected to the payment of all the debts of the partnership, including any debt or debts due from the partnership or any member of the partnership, unless the debts can be otherwise paid out of other assets of the partnership, before any part of this land can be applied to the satisfaction of any debts of any one of the individual members of such partnership, no matter what may be the character of their claims,—whether they claim liens on the land by judgments, by deeds of trust executed by the individual partners, or by attachments, or in any other mode. For it is obvious that such creditors can only acquire in such land the interest of their debtor; and if there be a conveyance by one partner to a trustee, to secure their debts against him, the very deed through which they would have to claim on its face would show that their grantor held such land first as a trust to secure all the partnership debts, including any debt due to any other partner by the partnership. And having thus, whether the deed of trust were unrecorded or recorded, notice of this trust, they would be compelled in a court of equity to respect it, and it would be enforced against them.

There has been, however, considerable diversity of opinion as to the right of a partner to have real estate, bought with partnership funds, and used as partnership property for partnership purposes, but conveyed to the individual members of the firm by deeds duly recorded, which in no manner disclose on their face that there was any partnership between the grantees, applied first to the payment of the partnership debts, including any balance due him from the partnership, before any such real estate is applied to the individual debts of one partner, when such individual creditors claim by judgments, attachments, deeds of trust, or conveyance of the individual share of the individual partner, in satisfaction of an individual debt, some courts in such cases holding in favor of such individual creditors, and others

holding against them, and others deciding upon the ground, in cases of a conveyance by a partner of his undivided share in the real estate to satisfy an individual debt, that the purchaser in the particular case knew that the real estate was bought with partnership funds and for partnership purposes, was therefore held first in trust to pay partnership debts. I presume such courts would also hold, when the individual creditor of a partner claimed by a deed of trust executed by one partner, as in the case before us, that if the trustee knew that the real estate was partnership property when the deed of trust was executed to him though the creditors secured by it did not, such real estate would have to be applied first to the payment of all partnership debts and liabilities, as any other partnership property, before any of it could be applied to their prejudice to the individual creditors secured by such deed of trust, upon the principle that when a trustee accepts such a deed of trust, with notice of certain facts invalidating it, or affecting it with a prior trust in favor of others, the creditors secured by it are presumed to assent to the deed for their benefit; which presumption involves the further presumption that they had notice of such facts as the trustee had notice of when he accepted the deed of trust for them, which invalidate or subject the land to some prior equitable trust.

The principles above stated as settled, as well as the questions of controversy unsettled, above spoken of, will appear from the following authorities, or may be fairly deduced from them: *David* v. *Christian*, 15 Grat. 11, points 3 and 4 of syllabus, pp. 11, 35, 36; *Brooke* v. *Washington*, 8 Grat. 248; *Wheatley's Heirs* v. *Calhoun*, 12 Leigh, 264–273; *Floyd* v. *Harding*, 28 Grat. 401; *Ridgway* v. *Budd*, 15 Pa. St. 177; *Hale* v. *Henrie*, 2 Watts, 143; *Meily* v. *Wood*, 71 Pa. St. 488; *Whaling Co.* v. *Borden*, 10 Cush. 458; *Crooker* v. *Crooker*, 46 Me. 250–264; *Matlack* v. *James*, 13 N. J. Eq. 126; note to *Lake* v. *Craddock*, 1 White & T. Lead. Cas. Eq., (4th Amer. Ed. from 4th London Ed.,) side p. 202, top p. 286, etc.; *Jones* v. *Neale*, 2 Pat. & H. 359; *Robertson* v. *Baker*, 11 Fla. 192, 193; *Arnold* v. *Wainwright*, 6 Minn. 358, (Gil. 241;) *Jarvis* v. *Brooks*, 7 Fost. (N. H.) 37; *Crow* v. *Beardsley*, 68 Mo. 435–439; *Green* v. *Banks*, 24 Tex. 508; *Mabury* v. *Brooks*, 7 Wheat. 556, 11 Wheat. 78.

I express no opinion on the points before indicated on which certain of these cases conflict. What these cases, and the authorities generally, show to be well settled law, as above stated, will suffice to decide this case. They show that the plaintiff in his bill stated no case which justified the awarding of any injunction, and that the demurrer to the bill should have been sustained.

The plaintiff in his bill states that he and the defendant Ward were partners engaged in business for some 15 years under the firm name of Ward & Cunningham; that their business was carried on in Roane county, in this State; that they with partnership funds purchased, and used as partnership property, six different parcels of land in said county, containing in all 770¼ acres. These several tracts of land the bill states were conveyed by the several parties to Ward & Cunningham by several deeds duly recorded. This partnership was dissolved in 1880. And on the 11th of April, 1883, said Ward and wife conveyed the one undivided moiety of each of these tracts of land to A. B. Wells, of the same county, trustee, to secure certain debts due from the grantor, Ward, to four different firms of Gallipolis, Ohio. These debts so secured amounted to nearly $3,000.00. None of the six deeds to Ward & Cunningham were filed with the bill as exhibits, but this deed of trust was filed.

This deed of trust speaks of these six tracts of land in said county as owned in common by the plaintiff and the defendant Ward; but in describing each of these six deeds they are each of them severally spoken of as conveying by the grantors, severally to Ward & Cunningham these six several tracts of land. Taken with the direct allegations of the bill as to the character of these several deeds, it seems clear that, on the face of each of them, it appeared that the grantee, Ward, and the plaintiff, Cunningham, were partners doing business as Ward & Cunningham, and that these several tracts of land were their property as a partnership. And this being the case, while the defendant Ward and the plaintiff held the legal title to these several tracts of land, either as tenants in common or as joint tenants, yet these several deeds on their face showed that when this firm was dissolved the plaintiff and the defendant, while holding the legal title to

this land, held it, as appeared on the face of the deeds, in trust for the creditors of the late firm of Ward & Cunningham, and subject to the indebtedness of either of these partners to the other upon a final settlement of the partnership business.

Of course, therefore, the deed of trust executed by Wells, trustee, conveying one undivided moiety of each of these six tracts, to pay his individual creditors, some three years after the dissolution of this firm, conveyed the legal title of one moiety of each of these tracts; but they were, when he conveyed them, held subject to the implied trust that the creditors of the late firm of Ward & Cunningham, including his former partner, Cunningham, if the firm was indebted to him, should be first paid out of said partnership lands. And this deed of trust executed by Ward operated, therefore, only to give to his individual creditors named in it a lien on his interest in said lands, after the payment of all the partnership debts, which interest, while in law it amounted to one moiety, might in fact amount in equity to much less, or it might be to nothing.

The bill then alleges that the trustee, under the provisions of this trust-deed, had advertised the undivided moiety of these several tracts of land for sale, to pay these individual debts of Ward secured by the deed of trust. And it alleges that as the partnership business of the late firm is unsettled, and its liabilities undetermined,—several suits now pending against them which were undecided, and Ward having debts and also liens on his interest—said lands, if sold by the trustee would be sacrificed, as purchasers would not know the amount of these firm liabilities to which the undivided moiety of these lands, conveyed by Ward to the trustee, Wells, was liable, and especially as a portion of the debts secured had been paid. And the bill therefore prays that this trustee may be enjoined from making such sale till the amount of the liability of the late firm of Ward & Cunningham is ascertained and fixed, and till the true amount of the indebtedness of Ward on the debts secured by the deed of trust is ascertained, and for general relief.

If this sale by the trustee, Wells, could convey to the purchaser only the undivided moiety of these lands, subject to

all the unpaid debts, liabilities and equities of the firm of Ward & Cunningham, and the purchasers at this sale necessarily knowing this,—it appearing, according to the allegations of the bill, on the face of the deeds under which the purchasers would claim,—I can not see how the plaintiff, Cunningham, or any of the creditors of the firm of Ward & Cunningham, could be injured if the property was injudiciously sold while these liabilities were unascertained. The only persons injured by such injudicious sale would be the defendant in this cause, Ward, and his creditors secured by this deed of trust. The plaintiff, Cunningham, or any creditor of the late firm of Ward & Cunningham, could enforce his right to subject these lands to the liabilities of the firm of Ward & Cunningham, after they had been sold by such trustee. Such sale could in no manner affect the rights of the plaintiff, or any other creditor of Ward & Cunningham, as the bidders would buy the lands subject to these prior liabilities, of which their title-papers would give them notice; and, to avoid any possible difficulty arising from such sale being made, the plaintiff might, instead of enjoining such sale, have simply given notice publicly at the time and place of sale, of the existence of his prior claim and that of the creditors of Ward & Cunningham, on these lands.

The court therefore erred in overruling by its decree of March 31, 1886, the demurrer of the defendants, the deed of trust creditors of said Ward; and it also erred in the decree of September 1, 1885, in. referring this cause to a commissioner, in effect to settle up the partnership accounts of the late firm of Ward & Cunningham, This would of course have been necessary if the court had been right that no sale of Ward's interest in said tract of land by the trustee, Wells, should be permitted, though Ward's individual creditors all wished this to be done, until the prior liabilities of Ward & Cunningham, and equities between the partners of the firm, were first ascertained. But the court, we have seen, was wrong in these views; and this decree of September 1, 1885, based on them, was useless and improper in this suit. The object of this suit was not to settle the partnership accounts of Ward & Cunningham, except as an incident to the main

relief asked,—the preventing of the undivided moiety of the firm lands standing in the name of Ward being sacrificed by this sale under disadvantageous circumstances. And in such sale the plaintiff had no interest. The court ought not, therefore, to have proceeded in this suit to settle the partnership accounts of the late firm of Ward & Cunningham. But these errors of the court were substantially corrected so as not to be prejudicial to the plaintiff below, the appellant, by the decree appealed from of December 1, 1886.

By this decree the court dissolved the injunction to the sale, which we have seen ought not to have been awarded, and dismissed the plaintiff's bill, at his cost, as to all the defendants other than said Ward. It ought, we have seen, to have dismissed the plaintiff's bill as to him also. And it ought not to have passed upon the commissioner's report on the settlement of the partnership accounts of Ward & Cunningham, or acted on the exceptions to said report, as no such settlement should be made in this suit.

It might be suggested that, when the court below entered this last decree, it should not have dismissed the plaintiff's bill as to any of the parties, but should have allowed the plaintiff a reasonable time within which to amend his bill, and that this Court should enter such order now. This Court, when it reversed a decree because the court below has improperly overruled a demurrer, frequently gives leave to amend the bill in a reasonable time after remanding the cause to the court below. This was done, for instance, in the case of *Capehart* v. *Hale*, 6 W. Va. 547. And generally, in any case where it appears from any part of the record before us that the plaintiff has apparently a good cause of action, such as he attempted to set up in his bill, but which was so defectively set up that no decree could be rendered for him, this Court, instead of rendering a final decree against him because of such defective statement of his case in his bill, will remand the cause to the court below, with leave to the plaintiff to file an amended bill in a reasonable time, and on his failure to do so, with directions that his bill be dismissed by the Circuit Court.

In this case, however, so far as the record shows, the plaintiff has not stated an apparently good cause of action for the

relief he sought, in a defective manner simply, but the difficulty is apparently in the cause itself which he has attempted to set up in his bill. His bill, we have seen, is fatally defective; certainly if, on the face of the deeds by the several grantors of the land conveyed to Cunningham, the plaintiff, and the defendant referred to in the bill, it appears that the grantees were partners, and these lands were bought as partnership property for the firm of Ward & Cunningham, as is rather vaguely stated in the bill. And all the proceedings in the cause indicate that, in all probability, this was the case. Thus the answer of the defendants, the creditors or said Ward, individually secured by this deed of trust, does not pretend that when these several deeds were executed, conveying these lands to Ward & Cunningham, the lands were not partnership property, and are not liable first to the payment of all the liabilities of Ward & Cunningham, or that they were misled, by the language of such deeds, to suppose that the lands conveyed were not partnership property, but were in law and equity lands held and owned by said Ward & Cunningham as tenants in common, and owning an undivided moiety thereof subject to his absolute disposal in payment of his individual debts, or otherwise, and not subject to partnership debts primarily.

On the contrary, this answer tacitly admits that these lands were conveyed as partnership property. But they assert that there are no outstanding partnership debts, and that when the partnership was dissolved, in 1880, a large amount of bonds, notes, money, and other assets of the firm, in value about $4,000.00, were left in the plaintiff's (Cunningham's) hands, to pay off and discharge all the debts and liabilities of the firm of Ward and Cunningham; that these assets were available, and more than sufficient to pay all these debts and liabilities, and he accordingly assumed to pay all these debts and liabilities; that the plaintiff never accounted for these assets. This answer was replied to generally; and into the truth of the issues thus made the court, through a commissioner in chancery, inquired; and on his report, decree was rendered December 1, 1886.

These matters ought not to have been inquired into in this suit. There was no controversy raised as to whether

the deeds from the grantors to Ward & Cunningham on their face misled the defendants into the belief that these lands were not partnership property. It appears to have been tacitly admitted that they, the defendants, claimed, not that this did not appear on the face of the deed partnership property, but that, by reason of certain matters occurring since the dissolution of the partnership, it is not liable to any partnership debts, if any such really exist; which is denied. And, in the proof, an effort was made to show that the plaintiff was estopped, by conversations had about the time this deed was executed, from disputing that at that time Ward had a good title to an undivided moiety of these lands.

All this indicates that the defect in the plaintiff's bill seeking to enjoin the sale of the land, under the deed of trust, was not the imperfect manner in which his case was stated in the bill, but in the case itself. He ought not, therefore, to be allowed to amend his bill, but the same should be dismissed as to all the defendants. But as the plaintiff may have a good cause of action against his former partner, Ward, in the settlement of this partnership, and may have also a good cause of action against purchasers of these lands under a sale by the trustee, Wells, to subject these lands in the hands of such purchasers to the liabilities of the firm of Ward & Cunningham, including any liability to the plaintiff appearing on such settlement of such partnership, or even possibly a right to enjoin the sale of such land by the trustee, for reasons not appearing or even hinted at in this record as presented to us, it seems to me the plaintiff's bill should be dismissed without prejudice to any of the parties, either plaintiff or defendant, in prosecuting or defending any other suit. The action of the Circuit Court on the commissioner's report, in its decree of December 1, 1886, ought not to operate in any other suit or suits, by any of the parties, to the prejudice of either the plaintiff or any of the defendants.

For these reasons the decrees of the court below, rendered on September 1, 1885, March 1, 1886, and December 1, 1886, should all be set aside, reversed, and annulled. But the appellees as the parties substantially prevailing,

should recover of the appellants their costs in this Court expended. And the bill of the appellants should be dismissed without prejudice to the plaintiff below, or the defendants below, or any of them, in any other suit or suits they may be advised to bring or defend. And the defendants below should be decreed to recover of the plaintiff below their costs incurred in the court below, including an attorney's fee of $20.00.

REVERSED.