# CHARLESTON.

## BROWN *et al. v.* GRAY.

Submitted March 2, 1910.          Decided January 31, 1911.

1. FRAUDS, STATUTE OF—*Parol Contract.*
   'Where a verbal contract is entire, and relates to a matter which renders it necessary, under the statute of frauds, that the promise should be in writing, the whole promise is void.

2. SAME—*Personalty.*
   While partnership real estate (standing timber in this case) may in equity be impressed with the character of or converted into personalty, for partnership purposes, it is not out and out personalty so as to take it out of the statute of frauds.

3. LOGS AND LOGGING—*Sale of Timber—Construction of Deed.*
   A deed conveying standing timber to the grantee, his heirs

or assigns, construed to invest in him a present estate in land, conditioned on his removing the timber within the period prescribed by the deed.

4.  FRAUDS, STATUTE OF—*Sale of Standing Timber*.

As a general rule the sale of standing timber is a contract conveying an interest in land, and within the inhibition of the statute of frauds.

5.  SAME—*Purpose and Effect*.

The statute of frauds was as much designed to protect the vendee as the vendor of land; and its primary effect is to prohibit an action for the breach of an oral contract falling within its terms either against vendor or vendee.

Error to Circuit Court, Randolph County.

Action by M. M. Brown and others against John G. Gray. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*W. B. Maxwell,* for plaintiffs in error.

*Jared L. Wamsley, W. E. Baker,* and *Talbott & Hoover,* for defendant in error.

MILLER, JUDGE:

In an action of *assumpsit,* plaintiffs sought to recover of defendant, $50,000.00, damages for breach of an oral contract to purchase from them, at the price of $237,500.00, their lumber plant, consisting as the declaration alleges of all kinds and character of property, which usually go to make up a large modern plant, the same being all the property of every kind and character owned by the plaintiffs, as partners, and of which they were seized and possessed.

The declaration was in four counts. The last three counts, in addition to the description in the first count, describing the property as including "several hundred acres of land in fee simple", "several hundred acres of real estate in fee simple", and "real estate."

The defendant's demurrer to each count was overruled. He then pleaded and relied upon his pleas of *non-assumpsit,* and the statute of frauds, to which latter plea the plaintiffs proposed to file two special replications in writing, which were rejected. The plaintiffs then moved the court to amend their last three counts, by striking out the words above quoted, "sev-

eral hundred acres of land in fee. simple", "several hundred acres of real estate in fee simple", and "real estate", which motion was denied.   The order of the court recites that the plaintiffs thereupon suffered a non-suit as to the said last three counts. A question is presented which we need not decide, however, whether this action of plaintiffs did not amount to a retraxit as to these three counts, rather than a non-suit.   *Railway Co.* v. *Long,* 26 W. Va. 692.

The conclusions we have reached on the merits render it unnecessary for us to decide the several questions presented involving the rulings of the court below on the pleadings.

It is conceded in the agreement of facts that although the. alleged sale to the defendant included personal property, not within the statute of frauds, it also included standing timber on 2,000 acres of land, the title to which had been previously acquired by the plaintiff Brown from McCabe and wife, by deed of July 27, 1904, an undivided half interest wherein was subsequently, by deed of December 31, 1904, conveyed by Brown and wife to his partner Hill, and that the timber thus acquired and. held was, by the terms of the latter deed, invested in the individual partners, subject to the terms and provisions of the partnership contract.

The law is:   "Where a verbal contract is entire, and relates to a matter which renders it necessary under the statute of frauds, that the promise should be in writing, the whole promise is void."   *Engleby* v. *Harvey,* 93 Va. 440; *Noye's Ex'ors.* v. *Humphreys,* 11 Grat. 636; *Burrows* v. *Hines,* 94 Va. 413; Hilliard on Vendors, (2nd Ed.) 103.

The contract being oral, it is conceded that if the timber included in the contract be real estate, and not a mere personal chattel, the statute of frauds is a bar to plaintiffs' claim, and that, as the court below decided, they should take. nothing by their action.

Plaintiffs, however, rely, first, on the proposition that the timber being partnership property, it is out and out thereby personalty, not requiring a contract in writing to bind defendant.   We cannot accede to this broad proposition.   Partnership real estate is not out and out personal estate, unless converted into personalty by the agreement of the partners, or the manner in which it is conveyed to them.   *Davis* v. *Christian,* 15 Grat 11,

11 Anno. 728. Partnership real estate may in equity be converted into personalty for the purposes of the partnership, but such conversion is equitable only, the legal title remaining in the partners, and can, under our statute, be divested out of them only by deed or will. *Davis* v. *Christian, supra; Cunningham* v. *Ward,* 30 W. Va. 572; *Zane* v. *Sawtell,* 11 W. Va. 50; 30 Cyc., sections 434, 435, and 438. Our conclusion is that if the timber sold be real estate the case is not taken out of the statute of frauds, by the mere fact that the title thereto is held by the individual partners as partnership property.

Another proposition relied on is, that the timber, thus held, is not real estate. This is the controlling question in the case. Its answer depends mainly upon the construction to be given to the deed of July 27, 1904, from McCabe and wife to Brown. The words of that conveyance are, "have granted, bargained, sold, assigned and set over, and by these presents do hereby grant, bargain, sell, convey, assign, transfer, and set over unto the said M. M. Brown, his heirs and assigns, all the timber, bark, wood and trees standing, lying and being upon that certain tract or parcel of land lying on the west side of Shaver's Mountain and on the waters of Shaver's Fork of Cheat River in Randolph County, State of West Virginia, and bounded and described as follows." After describing the land by metes and bounds this deed contains also the following provisions: "The party of the second part and his heirs and assigns shall have the right to enter upon the premises for the purpose of cutting and removing said timber, wood, trees and bark for and during the time of 10 years from May 4, 1904, and at the expiration of 10 years from May 4, 1904, all the rights of the said second party hereto shall cease and determine, and the timber, bark, wood and trees then remaining on said premises shall revert to and become the property of the party of the first part hereto as aforesaid as if this deed had never been made. The party of the second part shall have the right, however, to remove his mills, machinery and all other property at any time within six months after said term of 10 years has expired, but this shall not operate to extend the term for removing the timber." "In case the said party of the second part shall sell the property herein conveyed to him without operating the same himself, then all the said payments here-

inbefore provided for shall at the option of the party of the first part or his assigns, executors, or administrators, become due and payable at once upon such sale." "A lien is hereby expressly reserved upon the property conveyed to secure the payment of all the purchase money and the interest thereon. It is understood that the taxes upon the property hereby conveyed until the same shall be removed shall be paid in equal shares by the party of the first part and the party of the second part as long as he shall remain in possession of said land, but the party of the second part shall not be liable for any taxes levied or assessed against the land owing to increased valuation of the same by reason of the presence therein or operations thereon for oil, coal, gas or other valuable minerals, or liable for any of the taxes, after the said property has been removed, and he has given up possession; and the said Thomas McCabe hereby warrants generally the title to said timber, bark, wood and trees hereby conveyed."

It is affirmed by the plaintiffs that the latter terms of the deed so modify and control the previous words of the grant as to invest in Brown no present title to the timber in place, or until severed from the land, and that his interest therein is a chattel real-personalty, which, having become invested in the partnership, the partners could sell to the defendant by oral contract unaffected by the statute of frauds. For this proposition they rely mainly on the previous decisions of this Court in *Null* v. *Elliott,* 52 W. Va. 229; *Buskirk Bros.* v. *Peck,* 57 W. Va. 360; *Coal & Coke Co.* v. *Dillon, Tax Commissioner,* 59 W. Va. 610; *Toothman* v. *Courtney,* 62 W. Va. 167. We do not think these cases decisive of the point we have for decision here. The only point decided in *Null* v. *Elliott,* having any application to this case, is that the contract involved there did not authorize the purchaser to sever any timber standing on the land after the limit of two years for removing the same had expired. "Such a provision as this in timber contracts" says the court, "is held to be a condition of the sale, and not a covenant to remove, and that the purchaser only takes such of the timber as he may cut and remove in the specified time, otherwise it remains the property of the land owner and part of the land. * * * * In so far as the standing timber is concerned, it could not become

plaintiff's property unless severed during the two years." ·The only point decided in *Buskirk Bros.* v. *Peck,* appreciably applicable to this case, was that by the terms of the contract there involved the title to the timber vested in the purchaser as it was cut down, because of the peculiar terms of that contract. ·The Court says in that case: "Whether title passes by a contract is a question of intention to be determined by the jury, when the terms of the contract are to be gathered from the evidence, and for the court when the agreement of the parties is free from dispute and intent is plain." The other cases relied on relate to the construction of coal, and oil and gas leases, not controlling here, and having little application to the question we have presented for decision.

The proper construction of the deed involved here, we think is, that it vested in Brown a present estate in the timber conveyed, conditioned on the purchaser removing it within the period of ten years, to which he was limited an interest in land, the title to that portion thereof not removed within that time reverting to the grantor, or as some of the books put it lapsing into the fee by the condition in the deed. The deed in this case in terms specifically provides for such reversion. This construction we think fully supported by the decisions of this Court in *Keystone Co.* v. *Brooks,* 65 W. Va. 512, and particularly by *Adkins* v. *Huff,* 58 W. Va. 645, if not also by *Null* v. *Elliott, supra,* and. the authorities therein cited. It is said in *Keystone Co.* v. *Brooks,* at page 514: "In case of a conveyance of timber, with a time limit requiring its removal from the land in a given time, the weight of authority is, that the conveyance is conditional, the purchaser taking only what timber shall be removed within that time, the balance reverting to the owner of the land, or rather remaining his."

It is·unnecessary to review the decisions on this question; that has been sufficiently accomplished for the purposes of this case by the prior decisions referred to. Discussing this subject as affected by the statute of frauds, Warvelle on Vendors, 208, says: "The general rule, however, and the one which seems to be sustained by the volume of authority, is. as first stated.; that is, that a sale of growing or standing timber is a contract concerning an interest in land, and, hence, within the inhibition of the statute, and it may be said further, that this rule

is sustained by all the analogies of law. As between debtor and creditor the rule is well established that trees are a part of the realty, and may not be reached by execution against chattels; so in the case of an heir, they descend with the land; so as to a vendee, they pass with a sale of the land without special mention. And it may further be said, that, in a matter of this kind, a sale does not depend upon the intention of the parties, but upon the legal character of the subject of the contract. It is also well settled that standing timber is an interest in lands that may be acquired by deed, and the fact that same must be removed within a definite period does not prevent the vesting of title."

Another point made is that our statute of frauds was not made to protect the vendee, but only the vendor of land. Section 1, clause 6, ch. 98, Code 1906, provides that: "No action shall be brought in any of the following cases: * * * Sixthly, upon any contract for the sale of real estate, or the lease therof, for more than a year. * * * Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof be in writing and signed by the party to be charged thereby or his agent." This action seems to fall naturally within the very terms of the statute, for it is an action by the vendor against the vendee on a contract for the sale of land, not in writing, to charge him with damages for a breach thereof. It seems to us that the statute was as much designed to protect the purchaser as the seller. This proposition, we think, well supported by authority. It is said in 20 Cyc. 284, that: "The primary effect of the statute of frauds is to prohibit an action for the breach of an oral contract falling within its terms. An action cannot therefore be maintained on an oral contract to sell land against either the vendor or the purchaser." Besides the authorities cited in a note in Cyc, we cite *Collins* v. *Thayer,* 74 Ill. 138, 140. There are decisions the other way, as there are upon most questions with which the courts have to deal these days. *Taylor* v. *Russell,* 119 N. C. 30, approving *Green* v. *N. C. R. R. Co.,* 77 N. C. 95. But reason as well as the weight of authority we think support the proposition that the vendee as well as the vendor is protected by the statute.

The judgment below is therefore affirmed.          *Affirmed.*