## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**G. Thomas Bartlett, III,**
**Plaintiff Below, Petitioner**

**FILED**
**April 9, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0278** (Taylor County 12-C-27)

**Mary Louise Lipscomb,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner G. Thomas Bartlett, III, by counsel Hunter B. Mullens, appeals the March 6, 2014, order of the Circuit Court of Taylor County, West Virginia, wherein the court ruled the parties reached a binding oral settlement agreement during court-ordered mediation. Mr. Bartlett argues that the parties did not reach an agreement during mediation and even if they did, the agreement cannot be enforced as a matter of law. Respondent Mary Louise Lipscomb appears by counsel Charles G. Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the appendix record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

### Factual and Procedural History

Mr. Bartlett is the nephew of Mildred B. Tucker who died testate in 2002. Ms. Tucker bequeathed her entire estate to four individuals:  Mr. Bartlett, another nephew (Mr. Bartlett's brother), a niece (Mr. Bartlett's sister), and Ms. Lipscomb, who was her caretaker. The estate included oil and gas mineral interests underlying several tracts of land in Taylor County. Mr. Bartlett, Ms. Lipscomb, and other family heirs arrived at an agreement on the distribution of Ms. Tucker's assets, which included the mineral interests. Mr. Bartlett acquired deeds for a one-half interest from his siblings. Because Ms. Lipscomb never executed a deed to Mr. Bartlett conveying her mineral interests, she still owns an undivided one-fourth of the oil and gas rights.

On April 2, 2012, Mr. Bartlett filed a "Complaint for Declaratory Relief," in which he sought a ruling from the circuit court that Lipscomb had agreed to transfer ownership of her mineral interests to him. In his complaint, Mr. Bartlett relied upon a contract, an "Acknowledgment of Distribution Agreement," signed by the parties on March 5, 2011. The contract provided that in exchange for Mr. Bartlett assigning his claim of right to the liquidated assets (personal property and stock) of Ms. Tucker's estate, Ms. Lipscomb would transfer her

1

mineral interests to him. The contract called for the parties to execute all documents necessary to effectuate the transfer. Mr. Bartlett alleged that Ms. Lipscomb had not fulfilled the terms of the contract.

In her Answer to the Complaint, Ms. Lipscomb raised several defenses, including that the contract "fail[ed] for lack of consideration" and that "it was obtained by fraud and illegality[.]" Ms. Lipscomb alleged that Mr. Bartlett misrepresented the value of the assets he gave up in exchange for her oil and gas mineral interests to the properties at issue.

Subsequent to denying Mr. Bartlett's motion for summary judgment,[1] the circuit court ordered that the parties engage in mediation. Attorney James Wilson served as the mediator on June 6, 2013. Mr. Bartlett appeared in person and with his then-attorney, James Christie. Ms. Lipscomb appeared in person and with her attorney, Charles Johnson. According to the mediator, the parties reached a settlement. The mediator directed Attorney Christie to prepare a settlement agreement and the deeds necessary to vest title to the mineral interests to Mr. Bartlett, retaining for Ms. Lipscomb some overriding royalty rights.[2]

By letter dated July 26, 2013, Attorney Christie asked Mr. Bartlett to sign the documents necessary to effectuate the settlement agreement. Mr. Bartlett refused and subsequently discharged Attorney Christie. Mr. Bartlett then hired Attorney Hunter Mullens, his current counsel, who filed an amended complaint.[3] Ms. Lipscomb responded to the amended complaint alleging the dispute between the parties was settled and resolved at the mediation.

The circuit court held a hearing on February 10, 2014, to determine whether the parties reached a binding oral settlement at the June 6, 2013, mediation. Neither party called witnesses to testify at the hearing. The mediator was not present for the hearing. The circuit court accepted and read into the record the mediator's letter, which provided, in pertinent part:

> [b]oth parties actively engaged in the mediation and, after three hours, reached an agreement to resolve the case. Because the settlement required the exchange of deeds, rather than prepare a document memorializing the settlement, the parties indicated that Mr. Christie would promptly prepare the necessary documents and deliver them to Mr. Johnson.

---

[1] The parties did not provide a copy of this motion in the appendix record submitted to this Court.

[2] The mediator failed to have the parties execute a written agreement as required by West Virginia Trial Court Rule 25.14. The mediator further failed to file a written report to the circuit court within ten days after mediation was completed, in accordance with West Virginia Trial Court Rule 25.15.

[3] The parties did not provide a copy of the amended complaint in the appendix record submitted to this Court.

At this hearing, Attorney Christie and Attorney Johnson proffered to the circuit court their belief that the parties reached an agreement to settle their differences. Attorney Christie stated that Ms. Lipscomb made the following proposal that he believed Mr. Bartlett had accepted:

> Ultimately [Ms. Lipscomb] came back with a proposal that for one tract, which is twelve acres, a little over twelve acres, that . . . [Ms.] Lipscomb would give up all of her interest with no royalty override. There was a 125 acre tract which . . . [Mr.] Bartlett owns one-half interest in. And that tract she would reserve a one-eight interest. And then there was a – excuse me, a one-fourth interest. And then there was a 41.6 acre tract, somewhere in that area, that she would retain a one-fourth.

The circuit court then presented Attorney Christie the settlement agreement and deeds that Attorney Johnson had submitted.[4] The court asked Attorney Christie if he had prepared these documents and whether they accurately reflected the agreement reached. Attorney Christie answered in the affirmative.

In response, Attorney Mullens, Mr. Bartlett's current counsel, disagreed with Attorney Christie's assessment that the parties reached an agreement at mediation. Attorney Mullens stated that Mr. Bartlett told him they simply agreed to resolve the dispute and Mr. Bartlett wanted an opportunity to review the proposed documents. Attorney Mullens argued there was no meeting of the minds on the specific terms; therefore, before giving his final assent, no agreement was reached. He also argued that the oral settlement agreement failed to meet this Court's four-part test set forth in *Riner v. Newbraugh*, 221 W.Va. 137, 563 S.E.2d 802 (2002), and violated the Statute of Frauds, West Virginia Code § 36-1-3 (2011), because there was no signed document to effectuate the property transfer.

Following oral argument, the circuit court stated that the Statute of Frauds would not apply to the oral settlement agreement reached in mediation. The circuit court entered an order finding "the parties settled the matters in controversy at mediation" and that the draft "Settlement Agreement and Deeds accurately represented that settlement."

Mr. Bartlett appeals the circuit court's enforcement of the oral settlement purportedly reached at the mediation session and the consequent dismissal of his claims. Mr. Bartlett argues on two separate grounds that the circuit court erred in enforcing the oral settlement agreement: (1) the agreement violated the Statute of Frauds because there was no written settlement agreement signed by the parties when the agreement involved the transfer of real property; and (2) the *Riner* factors were not met.

### Standard of Review

---

[4] We cannot determine from the appendix record how Attorney Johnson received a copy of these documents. At oral argument before this Court, Attorney Mullens stated that Mr. Bartlett did not authorize Attorney Christie to release the documents to Attorney Johnson.

Mr. Bartlett has asserted two assignments of error which are subject to different standards of review. Whether an agreement falls within the Statute of Frauds is a question of law to which we apply a de novo standard of review. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). "This Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement reached as a result of court-ordered mediation." Syl. Pt. 1, *Riner*, 221 W.Va. at 137, 563 S.E.2d at 802.

**Discussion**

Our West Virginia Trial Court Rules regarding mediation provide that "[i]f the parties reach a settlement or resolution and execute a written agreement, the agreement is enforceable in the same manner as any other written contract." W.Va. Trial Court Rule 25.14. As explained below, the parties may still be held to the terms of an oral agreement reached at mediation if certain conditions are met. However, this Court cautions all parties involved in mediation to be aware of the potential for disconnect between oral agreements reached at mediation and the promised delivery by lawyers of formal settlement documents at some future point. "The best option is to finalize settlement documents in their entirety at the mediation table. If that is not possible, at the very least, parties should reach agreement on the consequences for failure to generate formal documents (e.g., no agreement . . . [or] a return to mediation)." James R. Coben, Peter N. Thompson, *Disputing Irony: A Systematic Look at Litigation About Mediation*, 11 Harv. Negot. L. Rev. 43, 142 (2006).

In the instant case, Mr. Bartlett advances two arguments to challenge the enforceability of the oral settlement agreement reached at mediation. Mr. Bartlett's first contention is the purported oral settlement agreement is unenforceable because it violates the Statute of Frauds. He argues that settlement agreements are to be construed as any other contract under West Virginia law. *See Burdette v. Burdette Realty Improvement, Inc.*, 214 W.Va. 448, 452, 590 S.E.2d 641, 645 (2003). Because the oral settlement agreement involved the transfer of real property, Mr. Bartlett argues the Statute of Frauds is necessarily implicated.

Given that he never signed a document evidencing the purported oral settlement agreement, Mr. Bartlett maintains it is unenforceable. Ms. Lipscomb responds that Mr. Bartlett misapplies the Statute of Frauds because the agreement at issue was not for the sale of land, but was an agreement to settle a lawsuit. Furthermore, Ms. Lipscomb argues the Statute of Frauds does not require that everyone involved in a contract endorse it, only the party charged by it. The only party required to execute the agreement would be Ms. Lipscomb as she is conveying her real property interests to Mr. Bartlett.

Our Statute of Frauds, codified in West Virginia Code § 36-1-3, provides:

> No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and assigned by the party to be charged thereby, or by his agent. But the

4

consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

By its express terms, the Statute of Frauds applies to a contract for the sale of real property. *Id.* This Court has held that the Statute of Frauds requires a signed, written contract for transfers of oil and gas interests. *See* Syl. Pt. 4, *Kennedy v. Burns*, 84 W.Va. 701, 101 S.E. 156 (1919). "The statute of frauds was as much designed to protect the vendee as the vendor of land; and its primary effect is to prohibit an action for the breach of an oral contract falling within its terms either against vendor or vendee." Syl. Pt. 5, *Brown v. Gray*, 68 W.Va. 555, 70 S.E. 276 (1911).

We find that Mr. Bartlett's first assignment of error lacks merit in view of the fact that he instituted this action to enforce a *written contract* requiring Ms. Lipscomb to convey her real property interests to him.[5] At mediation, the parties reached an oral settlement agreement to resolve this contractual dispute. In exchange for certain royalties, Ms. Lipscomb agreed, in effect, to waive her defenses that the contract was unenforceable. Likewise, Mr. Bartlett decided to exchange certain royalties to Ms. Lipsomb, in effect, for the benefit of having this matter resolved. This case was never an action for the breach of an oral contract for the sale of land, or even a property dispute. Instead, it was a suit instituted to enforce a compromise. Therefore, we find the Statute of Frauds inapplicable to this case.[6]

We now address Mr. Bartlett's second argument that the *Riner* factors were not met. In *Riner*, this Court held that West Virginia Trial Court Rule 25.14 was not intended to prevent the enforcement of settlement agreements reached through mediation that were not reduced to writing and signed by all the parties. "In those instances where a settlement agreement was reached but not signed by the parties, the agreement may still be enforced provided the parties produce sufficient evidence concerning the attainment of an agreement and the mutually agreed upon terms of the agreement." *Riner*, 221 W.Va. at 141, 563 S.E.2d at 806. We articulated the pertinent factors of our analysis in syllabus point three of *Riner*:

> A settlement agreement reached during, or as the result of court-ordered mediation, which does not fully comply with West Virginia Trial Court Rule 25.14, may be enforced by the circuit court where (1) the parties to the mediation reached an agreement; (2) a memorandum of that agreement was prepared by the mediator, or at his direction, incident to the agreement; (3) the circuit court finds, after a properly noticed hearing, that the

---

[5] The underlying lawsuit is a breach of contract action brought by Mr. Bartlett to enforce the March 5, 2011, "Acknowledgement of Distribution Agreement." However, in his brief before this Court, Attorney Johnson does not reference this contract. We find this omission to be perplexing and misleading.

[6] A "majority of jurisdictions" holds that the Statute of Frauds applies to settlement agreements requiring the transfer of an interest in real property. *Waddle v. Elrod*, 367 S.W.3d 217, 225 (Tenn. 2012). This Court has never squarely addressed the issue and it is unnecessary to do so under the facts presented in this case.

agreement was reached by the parties free of coercion, mistake, or other unlawful conduct; and (4) the circuit court makes findings of fact and conclusions of law sufficient to enable appellate review of an order enforcing the agreement.

*Riner*, at 141, 563 S.E.2d at 806.

Addressing the first *Riner* factor, Mr. Bartlett argues that an agreement was not reached at mediation. Mr. Bartlett maintains that Ms. Lipscomb failed to show that a meeting of the minds occurred between the parties because she produced no evidence or testimony to support the existence of a mutual agreement. Conversely, Ms. Lipscomb argues that Mr. Bartlett failed to rebut the proffer of two attorneys and the mediator that an agreement was in fact reached.

Upon our careful review of the record in this case, we find the circuit court did not abuse its discretion in finding that the parties reached an agreement at mediation. This finding is supported by the representations from the parties' attorneys who participated in the mediation as well as the mediator. A fair reading of the appendix record reflects that Mr. Bartlett manifested agreement at the mediation session but later had a change of heart; he therefore has no recognized contract defense to an enforcement claim.[7]

Turning to the second *Riner* factor, Mr. Bartlett asserts the purported agreement fails because the mediator did not prepare a memorandum evidencing the terms of the purported agreement. We find this factor is satisfied, however, because the mediator directed Attorney Christie to prepare the settlement agreement and the accompanying deeds, which counsel did.

Having determined the parties reached an agreement at mediation and the settlement agreement and deeds prepared by Attorney Christie reflect that agreement, we now turn to the third factor of *Riner* to determine if "the agreement was reached by the parties free of coercion, mistake, or other unlawful conduct." *Riner*, 221 W.Va. at 141, 563 S.E.2d at 806. At the hearing held before the circuit court, Attorney Christie stated that after the parties reached the agreement, the mediator had the parties assemble in the same room. The mediator then asked questions of Ms. Lipscomb, "went through the proposal, asked her if she agreed to those terms. She said yes." The mediator proceeded to ask the same questions of Mr. Bartlett, "asked if he agreed to those terms and he said yes." At no time did Mr. Bartlett or his then-counsel Christie express any concerns involving coercion, mistake or unlawful conduct. Accordingly, this Court finds the third *Riner* factor is met.

Under the fourth, and final, factor of *Riner* we examine whether the circuit court made "findings of fact and conclusions of law sufficient to enable appellate review of an order enforcing the agreement." Mr. Bartlett argues the three-page order lacks sufficient findings of fact to enable appellate review. The order provides, in pertinent part:

---

[7] We are not persuaded by Mr. Bartlett's assertion that the subsequent dispute between the parties concerning the royalty terms, as evidenced in Attorney Christie's letter to Mr. Bartlett, "shows that the parties could not have had a true meeting of the minds." There clearly was a meeting of the minds at the mediation session; Mr. Bartlett later changed his mind.

On the basis of the representations of the mediator and counsel, and for the reasons set forth on the record, the Court is of opinion that the parties settled the matters in controversy at mediation on June 6, 2013, and that the Settlement Agreement and Deeds accurately represented that settlement.

We find the circuit court's order meets the intent of the fourth of *Riner*. The order incorporates the terms of the seven-page settlement agreement and deeds prepared based on the terms of that settlement agreement; it is sufficient to enable this Court's appellate review.

### Conclusion

For the foregoing reasons, we find that the parties entered into a binding oral settlement agreement at court-ordered mediation. We therefore affirm the circuit court's March 6, 2014, order.

Affirmed.

**ISSUED:** April 9, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II