## Lauffer et al. versus Cavett.

Where a deed of land is made to A., B. and C., "doing business as A., B. & Co., their heirs and assigns," the grantees take the legal estate in joint tenancy, and a judgment confessed by all of them in their individual names, with the same words "doing business, &c.," added thereto, is a lien upon the land and will bind it in the hands of subsequent purchasers from the firm.

October 29th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. SHARSWOOD and WOODWARD, JJ., absent.

[Lauffer *v.* Cavett.]

Error to the Court of Common Pleas of *Westmoreland county*: Of October and November Term 1878, No. 301.

Scire facias by Robert M. Cavett against Lauffer, Hurst & Co., with notice to David R. Jones and others, terre-tenants, to revive a judgment.

At the trial it appeared that in 1870 S. D. Lauffer, J. J. Hurst, J. S. Cunningham and H. O. Tinstman were in partnership in a foundry business. In that year they purchased from John Irwin a certain lot of ground, the deed for which was made to S. D. Lauffer, J. J. Hurst and J. S. Cunningham, "doing business under the style of Lauffer, Hurst & Co.," their heirs and assigns. On April 17th 1872, they confessed a judgment to Cavett for $5000, the note being signed by each partner, and under the signatures was written "doing business under the style of Lauffer, Hurst & Co." The deed was not recorded until 1874. Subsequently the land was divided up into lots and sold to tenants, who made the defence in the present case. The question as to whether the plaintiff had the right to revive the judgment against the terre-tenants was reserved by the court, and a verdict given for the plaintiff against Lauffer, Hurst & Co., who made no defence. After argument the court subsequently gave judgment as against the terre-tenants, in an opinion, saying :—

"The giving of the original judgment to Cavett was the joint act of all the members of the firm at the time, whilst no one of the members of the firm, or any number less than all, had the right to encumber the partnership realty. Manifestly all had, otherwise partnership realty would be beyond the control of the firm itself. Partnership equities must be worked out through the partners. Here the partners by the just act of all the members dedicated this realty to the security of a firm loan ; this they had a right to do. Again, the defendants stand on no higher plane than does the plaintiff. He holds a judgment which is the joint act of all. The deeds which they hold are no more or less the joint acts of all. The firm gave the judgment, and it did not lie with the firm to convey away this land so as to discharge the lien of the judgment. Motion for judgment on the reserved question for the defendants *non obstante veredicto* denied and leave given to enter judgment on the verdict."

This entry of judgment on the verdict was the error assigned by defendants, who took this writ.

*H. D. Foster*, for plaintiffs in error.—The deed to the firm made the land personal firm assets, and no question of conversion can therefore arise in order to create that which has already been created. The judgment, therefore, was not a lien upon the land, and as to the terre-tenants, could not be revived : Ridgway's Appeal, 3 Harris 177 ; Lefever's Appeal, 19 P. F. Smith 122 ; Lancaster Bank *v.* Myley, 1 Harris 544 ; Ebbert's Appeal, 20 P. F. Smith 79.

[Lauffer *v.* Cavett.]

*H. C. & J. A. Marchand,* for defendants in error.—The deed did not convert the realty into personalty. The words "doing business," &c., were merely descriptive of the grantees. It is clearly distinguishable from the deed in Lancaster Bank *v.* Myley, *supra,* which recited that the conveyance was to the firm as such, and that the firm paid the consideration. The partners, in giving the judgment to Cavett, and in conveying in lots, treated the land as realty.

The judgment of the Supreme Court was entered November 4th 1878,

PER CURIAM.—Though the description of the parties to the deed in this case identifies the property as belonging to the partnership, yet the conveyance is to the persons named and their heirs and assigns, creating a legal title in joint-tenancy, while the judgment is against the same persons as individuals described in like manner as partners. The single bill being the act of each under hand and seal, the judgment necessarily became a charge upon the legal title thus existing with a right to sell it upon exemption. The case is not one of distribution between creditors, some partnership and some individual, and therefore claiming in diverse rights, but is between the plaintiff and terre-tenants. Clearly, the terre-tenants can set up no question of power over partnership assets, but taking the land as they do, by ordinary conveyances from the partners, as individuals joining in a deed, they take subject also to the liens against the property.

Judgment affirmed.