98   392
s99   266

# Wytheville.

## SANDS' ADMINISTRATOR AND OTHERS v. DURHAM.

### JUNE 28, 1900.

### Absent, Riely, J.*

1. SUBROGATION—*Doctrine—Principal and Surety—Co-Obligors—Partners—Joint Contractors.*—Subrogation is the equity by which one who is secondarily liable for a debt, and has paid it, is substituted to all the securities and remedies of the credtior in order to enforce exoneration from the principal debtor and save harmless the party paying. To entitle a party to subrogation, his equity must be strong and his case clear. The principle applies to every instance (except in the case of a mere stranger) where one man has paid a debt for which another is primarily liable. The right will not, however, exist between parties who are equally bound, as for example co-partners, co-obligors, and co-contractors, except by virtue of a special contract.

2. PARTNERS—*Subrogation—Contribution—Section 2855 of Code.*—A partner who has paid a partnership debt out of his private means may, upon a settlement of the partnership accounts, have contribution from the other partners of their due proportion of the debt so paid, but he is not entitled, in the absence of an agreement to that effect, to be subrogated to the rights of partnership creditors whose debts he has paid. This rule is not affected by section 2855 of the Code making partners jointly and severally liable for partnership debts.

3. PARTNERS—*Contribution—Subrogation—Special Contracts—Sureties.*—While the right of contribution exists amongst partners, the doctrine of subrogation does not ordinarily apply, as there is no obligation to pay a partnership debt resting on one superior to that which rests upon another, but if it be agreed amongst the partners themselves that one of them shall occupy the relation of surety to the other, equity will respect the agreement, and apply the doctrine

---

*Judge Riely was prevented by sickness from attending this term.

of subrogation in favor of him whom it has been agreed shall be a
surety only.

4. JUDGMENTS—*Payment  by  Partner—Subrogation—Alienees—Notice.*—A
    judgment against the members of a partnership for a firm debt,
    which has been paid off by one of the partners, will not be enforced
    for his benefit against an alienee of another member of the firm,
    although such alienee had actual notice of the judgment, in the
    absence of any other right in the party paying than that he was
    a member of the partnership, and paid the firm debt out of his
    private means.

Appeal from a decree of the Circuit Court of Giles county,
pronounced at its May term, 1899, in a suit in chancery, wherein
the appellee was the complainant, and the appellants were the
defendants.

                                                        *Reversed.*

The opinion states the case.

*Wysor & Gardner*, for the appellants.

*W. J. Henson* and *S. W. Williams*, for the appellee.

CARDWELL, J., delivered the opinion of the court.

In the year 1886, John H. Durham, D. L. Whittaker, and
D. A. Early formed a partnership for conducting a mercantile
business in Giles county, under the style and firm name of D. L.
Whittaker & Co.   Whittaker furnished the capital of a stock
of goods, amounting to $3,000, which he was to get back out of
the concern, and they were to be equal partners, dividing
equally the profits and losses.   The firm, after doing an unsuc-
cessful business, dissolved in October, 1897, by selling out their
stock of goods to one G. L. Bane.   Judgments had been obtained
against the firm, which were unpaid, and there were also many
outstanding claims not in judgment against the firm.   The ac-
counts, notes, etc., were turned over to J. H. Durham for collec-
tion.   He collected all he could, and applied the collections to the
firm debts, and the residue of the judgments against the firm he

paid out of his own means. These judgments were duly docketed on the lien docket of Giles County Court, and were not marked satisfied. Durham brought this suit in October, 1895, for a settlement of the partnership accounts, and not only to have contributions from his partners, Whittaker and Early, but to be subrogated to the lien of the judgments which he had paid out of his private means, to the extent his partners might fall in arrears to him on settlement, and to subject the lands owned by Early at the time of the rendition and docketing of the judgments against the firm, to the extent that Early might be indebted to him on the settlement. Early and wife having, on the 5th of March, 1890, sold and conveyed to Mrs. Ann J. Sands three small tracts of land in Giles county, five-eighths of which belonged to Early, and the remaining three-eighths to his wife, complainant claimed the right, by subrogation, to subject the five-eighths interest in those lands, formerly owned by Early, to the payment of one-half of the judgments against the firm discharged by complainant out of his private means, amounting to $4,574.87; the other partner, Whittaker, being insolvent.

The Circuit Court decreed that Durham was entitled, by subrogation, to the rights of the judgment creditors whose judgments he had paid off, and subjected not only the property owned by Early at the time of his death, but the five-eighths interest in the land which he had conveyed to Mrs. Sands in March, 1890, to the payment of one-half of the judgments paid by Durham. From this decree the administrator and heirs of Mrs. Sands, who had died, obtained an appeal to this court.

It is well settled that one partner who has paid out of his own means debts of a partnership of which he is a member, may, upon a settlement of the partnership accounts, have contribution from the other partners of their due proportion of the debts so paid. It is also well settled that, where one in the situation of surety pays the debt of him who is primarily liable, equity will

put him in the place of the creditor whose debt he has discharged, and give him the benefit of the securities which the creditor has obtained from the principal debtor; and though no assignment is actually made, equity treats it as having been done. *Grubbs* v. *Wysor*, 32 Gratt. 129.

Subrogation is the equity by which a person who is secondarily liable for a debt, and has paid the same, is put in the place of the creditor so as to entitle him to make use of all the securities and remedies possessed by the creditor, in order to enforce the right of exoneration as against the principal debtor in the same rank with himself. To entitle a party to subrogation, his equity must be strong and his case clear. It is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities which the creditor may hold against the principal debtor, and by the use of which the party paying may then be made whole. Bispham's Principles of Equity, 393. But says this learned author (page 396): " The principle of subrogation is a general one, and will apply to every instance (except in the case of a mere stranger), where one man has paid a debt for which another is primarily liable. The right will not, however, exist between parties who are equally bound—as for example, co-partners, co-obligors and co-contractors, except, of course, by virtue of a special contract. Such special contract may exist, for example, where an outgoing partner takes a covenant from the remaining members of the firm to pay the partnership debts and save him harmless. He stands, under these circumstances, in the position of a surety, and may be subrogated to the remedies of the creditor if the covenant be not fulfilled."

A partner who retires from the firm, and, for a valuable consideration, is indemnified by the remaining partners against all debts and liabilities of the firm, will, in equity, be considered a surety for them, and subrogated to the rights of the creditor to whom he has been compelled to pay a firm debt. 24 Am. &

Eng. Enc. L. 237. Among the authorities cited in support of this text is the case of *Buchanan* v. *Clark*, 10 Gratt. 164.

In that case G, B and K were principal obligors in a bond. B and K put money in the hands of G to pay the bond; and he bound himself to pay it, but failed to do so, and became insolvent. A judgment was recovered on the bond against the three, and B paid it. After the judgment, G conveyed his land to S to secure a debt due to him and another debt due to C. Upon a bill by B and K against S and C to subject the land conveyed in the deed to S to satisfy the debt B had paid, the court held that it was competent for G, B and K to contract that, as between themselves, G should be the principal and B and K his sureties, and that this had been done; that as between B, K and G, the former were entitled to be subrogated to the lien of the judgment creditor upon the land; and that they were equally entitled as against purchasers from G, who did not show a better equity. The opinion of the court recognizes that partners ordinarily are not entitled to be subrogated to the rights the firm's creditor holding a security for a debt of the firm paid by one of the partners out of his own means, and puts its adjudication in that case, whereby B and K were subrogated to the rights of the judgment creditor, whose judgment they paid, solely upon the ground that B and K and G had contracted that, as between themselves, G should be the principal and B and K his sureties in the debt, for the opinion says: "As between the partners and the creditor, they were all equally bound, and no understanding and agreement between themselves could change that relation so as to impair his right. But there was nothing in that relation which would prevent the partners, as between themselves, from assuming the relation of principal and securities."

The ground upon which some of the adjudicated cases hold that a partner of a losing concern, paying a debt of a lien creditor of the firm, cannot have subrogation to the rights of the creditor, is, that payment by a co-principal extinguishes the

debt and leaves no right of subrogation. It is more accurately stated by Strong, J., in the well considered case of *McCormick* v. *Irwin*, 35 Pa. St. Repts. 111, thus: " The reason why subrogation is not allowed to one partner as against his co-partner, or to one merely a joint debtor, as against his co-debtor, is because as between them there is no obligation to pay the debt resting upon one, superior to that which rests upon the other." See, also, *Dering* v. *Earl of Winchelsea*, Vol. 1, part 1, Leading Cases in Equity, 148; and Sheldon on Subrogation, secs. 170, 171.

Counsel for appellee contends that the rule is changed by the statute (section 2855, passed in 1849), whereby partnership debts are now joint and several, and also cites *Morris* v. *Morris*, 4 Gratt. 293, in support of the further contention that, because the partnership debts are now joint and several, one partner who pays off the creditor's debt with his own private means is entitled to be subrogated to the creditor's right. That case only held that a surviving partner, having paid the partnership debts of a losing concern, is entitled to be substituted for the amount that the estate of the deceased is indebted to him on that account, to the rights of the creditors of the firm whose debts he has paid; that is, the surviving partner paying the debts is entitled to share in the separate estate of the deceased partner. But this, as was said by Sheldon in his work on Subrogation, section 171, *supra*, is upon the ground that, by virtue of the partnership agreement to contribute to losses, the partner paying a firm debt out of his private property may in equity enforce contribution from his co-partner, rather than by way of subrogation. In other words, the doctrine of subrogation does not ordinarily apply as between co-partners, though the right exists to have contribution from each other, where one has paid out of his private means a debt of the firm, which is not repaid to him out of the social assets. To entitle a partner, paying out of his private means debts against the firm, to be subrogated to

the rights of the creditors whose debts he has so paid, the relations ordinarily existing between co-partners must have been changed by an agreement between them whereby they assumed the relation of principal and surety. *Buchanan v. Clark,* and other authorities, *supra.* There was no such agreement in the case at bar, and appellee was, therefore, not entitled to be subrogated to the rights of the judgment creditors whose judgments against the firm of D. L. Whittaker & Co. he paid.

Much stress is laid by counsel for appellee upon the constructive notice to Mrs. Sands of the rendition and docketing of these judgments, and the actual notice she is claimed to have had when she bought the land from Early; but, leaving out of view the testimony going to show that she was misled by the statements made by appellee to her agent, Hall, who purchased the land for her, and, conceding that she had both constructive and actual notice of the judgments at the time of the purchase, it does not alter the case, for she may have actually known of the existence of the judgments on the docket, yet she also knew that they were judgments against the partnership of D. L. Whittaker & Co.; that each member of the firm was primarily bound for their payment, and that appellee was solvent. The only risk she ran in taking a conveyance of Early's portion of the land from Early and wife was that the judgments would not be paid by the firm or either of the partners, and could not be made out of either of them. They, however, having been paid by appellant, without a special contract or agreement changing the relations ordinarily existing between co-partners, whereby he became surety for the other partners, are no longer enforceable on the lands aliened by Early to Mrs. Sands. Therefore, the decree appealed from, in so far as it holds the contrary, is erroneous, and will be reversed and annulled, and the cause remanded to the Circuit Court for such further proceedings therein, as may appear proper in accordance with the views expressed in this opinion.

*Reversed.*