. In re F. J. HACKER & CO. et al.

(District Court, N. D. Iowa, E. D. August 24, 1915.)

No. 889.

BANKRUPTCY ⚫══354—PARTNERSHIP—RIGHTS OF PARTNERSHIP CREDITORS — RIGHTS OF CREDITORS OF PARTNERS INDIVIDUALLY—"PROVABLE DEBT."

The reduction of claims of creditors of a firm to judgment, either before or after filing of a petition in bankruptcy of the firm and the partners, does not change the character of the claims, within Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 547 (Comp. St. 1913, § 9589), declaring that the net proceeds of firm property shall be appropriated to the payment of firm debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts, and section 63 (Comp. St. 1913, § 9647), providing that provable debts of a bankrupt are provable debts reduced to judgment, and an application of the individual estates of the partners to the payment of the firm creditors can only be made after individual creditors have been fully paid, and then only in the manner provided by section 5f, though the claims of the firm creditors may be allowed against the firm and the individual estates.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. ⚫══354.

For other definitions, see Words and Phrases, First and Second Series, Provable Debt.]

In Bankruptcy. In the matter of F. J. Hacker & Co., a partnership, and F. J. Hacker and S. J. Hacker, individual members thereof, bankrupts. Petition of Josephine and Joseph Hacker, as individual creditors of F. J. Hacker, a partner, for review of an order of the referee, overruling their objections to the allowance of claims of creditors of the partnership against the estate of its individual members and their

participating in the distribution of the assets of the individual estates equally with the individual creditors of the partners. Order of referee in part vacated and set aside.

Mark J. Butterfield, of Waterloo, Iowa, for petitioners.

Paul W. Smith, of Waterloo, Iowa, for partnership creditors.

REED, District Judge. F. J. Hacker & Co., a copartnership doing business under the name of F. J. Hacker & Co. (composed of F. J. Hacker and S. J. Hacker), and the individual members thereof, were each adjudicated bankrupts by this court on March 31, 1915. On March 22d preceding the Waterloo Register Company, a corporation, recovered two judgments in the district court of Iowa in and for Black Hawk county against the partnership and the individual members thereof, one of which is for $190.85, and the other for $414.35, both of which are based upon claims against the partnership only, but for which the individual members are also liable. On the same day, March 22, 1915, the Cutler Hardware Company, a corporation, recovered two judgments in the said district court of Black Hawk county against the partnership and the individual members thereof, based upon claims against the partnership only, but for which the individual members thereof were also liable, one of which judgments is for $2,273.55, and the other for $2,524. Edwards, Longley, Ransier & Smith, a firm of attorneys at Waterloo, also have a claim against the bankrupt for $146.50 as attorney's fee for procuring one or more of said judgments, which is included in the judgment as part of the costs.

At the date of these judgments it is alleged that the bankrupts (the partnership and the individual members thereof) were each insolvent, and it is agreed that neither of the bankrupt estates will pay in full the claims filed and allowed against it, exclusive of the claims in controversy in this proceeding. The Waterloo Register Company, the Cutler Hardware Company, and Edwards, Longley, Ransier & Smith have filed their respective judgments, or claims as stated, against the partnership estate, and also against the individual estate of each of the partners, asking that they be allowed as unsecured claims against each of the estates, and that they be permitted to participate in the distribution of the individual estates equally with the individual creditors of said estates. Josephine Hacker and Joseph Hacker, claiming to be individual creditors of F. J. Hacker, one of the bankrupts, have filed claims against his individual estate, the former in the sum of $6,500 and the latter for $602.70, and asked that they be allowed against the individual estate of said bankrupt, and that the assets of his individual estate be first applied to the payment of his individual indebtedness before applying any part thereof to the respective claims of the Waterloo Register Company, the Cutler Hardware Company, and Edwards, Longley, Ransier & Smith, as provided in section 5f of the Bankruptcy Act.

The referee denied the respective objections of Josephine and Joseph Hacker, so far as they ask that the individual estate of F. J. Hacker be first applied to the payment of his individual indebtedness before applying any part thereof to the partnership indebtedness, and ordered

that the claims of the Waterloo Register Company, the Cutler Hardware Company, and Edwards, Longley, Ransier & Smith shall share equally with the individual creditors of F. J. Hacker in the distribution of his individual estate. Josephine and Joseph Hacker excepted to this order, and petition for a review thereof.

Whether or not the bankrupt partnership left any assets, or there is any real estate of the bankrupts upon which the several judgments might be liens, does not appear from the record; but, if there is any such real estate, the bankruptcy following so soon after the rendition of the judgment will annul or dissolve the lien of the judgments, as the referee very properly held. Section 67f, Bankruptcy Act. After referring to section 5f and section 67 of the Bankruptcy Act, and some other authorities, the referee said:

"I find that, while the liens created by the judgments herein above referred to are destroyed and annulled by section 67f of the Bankruptcy Act, said judgments still remain adjudications of the rights of the parties, and they being against the individual members of the partnership, as well as the partnership itself, the said judgments may be proved and allowed against each and all of the estates herein to be administered, and that the Cutler Hardware Company, the Waterloo Register Company, and Edwards, Longley, Ransier & Smith shall be considered as individual creditors of the individual estates, as well as creditors of the partnership estate, in the distribution of dividends herein."

From this it seems that, because the partnership creditors have reduced their claims against the partnership to judgment, and the judgment is also against the individual members of the partnership, who is liable for partnership debts, section 5f of the Bankruptcy Act is annulled, or is inapplicable, in the opinion of the referee. That section provides:

(a) "A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt. * * *"

(f) "The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership."

(g) "The court may permit the proof of the claim of the partnership estate against the individual estates, and vice versa, and may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates."

Section 63:

"Debts of the bankrupt which may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; * * * (4) found-

ed upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge," etc.

The reduction of their claims to judgment by the partnership creditors does not change the character of such indebtedness from a partnership debt to an individual debt, but changes the form of the debt only. Its character as a partnership debt remains as before, and for which each member of the partnership may be liable, if the partnership assets are insufficient to pay the sum; and section 5f of the Bankruptcy Act provides how the distribution of the assets of the partnership, and of the individual members thereof, shall be made among their creditors, and controls in the distribution of such assets.

Section 63 of the Bankruptcy Act recognizes that debts of the bankrupt which have been reduced to judgment may be proved and allowed against his estate, and the fact that the debts have been reduced to judgments, either before or after the filing of the petition in bankruptcy, does not change the rule of section 5f as to the distribution of the proceeds of partnership and individual estates. The referee's order in permitting these partnership creditors to share equally in the distributions of the individual assets with individual creditors is erroneous, and it is ordered, so far as it permits this to be done, that it be vacated and set aside. In re Wilcox (D. C.) 94 Fed. 84; Sargent v. Blake, 160 Fed. 57, 63, 87 C. C. A. 213, 17 L. R. A. (N. S.) 1040, 15 Ann. Cas. 58; In re Union Bank, 184 Fed. 224, 106 C. C. A. 366; In re Effinger (D. C.) 184 Fed. 728.

The individual liability of F. J. Hacker, one of the members of this copartnership, for the partnership indebtedness, arises only because he is a member of the copartnership, and not because he has separately undertaken to pay the partnership indebtedness. If a member of a copartnership should individually indorse, or otherwise individually agree to pay a partnership debt, his individual estate might be liable to the creditor to whom such promise was made, and it may be that the creditor holding such promise might share equally with other individual creditors of the member so undertaking—a question we are not now called upon to determine, for there is no such question here involved.

No objection is perceived to the allowance by the referee of the claims of the partnership creditors against both the partnership and the individual estates, as the individual members of the partnership are liable with the partnership for the partnership debts; but the distribution of the individual estates to the payment of the creditors of the partnership, and the application of the individual estates to the payment of partnership creditors, are only to be made after the individual creditors have been fully paid, and then in the manner provided by section 5f of the Bankruptcy Act.

The order of the referee, so far as it permits the partnership creditors to share in the distribution of the individual estate of F. J. Hacker equally with the individual creditors of such estate, is there-

fore vacated and set aside. The clerk will certify to the referee a copy of this opinion and order, and the referee will observe the same in ordering the distribution of the assets of the partnership and individual estates.

It is ordered accordingly.