# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

SAVINGS AND LOAN CORPORATION v. E. S. BEAR.

September 12, 1930.

Absent, Holt, Hudgins and Gregory, JJ.

314

*Chas. D. Fox, Jr.,* for the appellant.

*Jas. A. Bear,* for the appellee.

Epes, J., delivered the opinion of the court.

J. T. Bandy and L. E. St. Clair were partners under the name and style of Bandy and St. Clair, engaged in the

business of dealing in real estate and in the construction of buildings.

The partnership owned three parcels of real estate, held under deeds conveying the property to J. T. Bandy and L. E. St. Clair, which deeds, so far as the record discloses, contained no reference to the partnership relation existing between Bandy and St. Clair. J. T. Bandy also owned individually a number of parcels of real estate. The partnership owned no property except this real estate; and St. Clair owned no individual real estate.

A number of judgments were rendered against J. T. Bandy and L. E. St. Clair, jointly, on partnership obligations. A number of judgments were also rendered against J. T. Bandy individually and L. E. St. Clair individually on their individual obligations.

The first of these judgments in order of time are two judgments rendered in the same court on the same day (July 29, 1927) in favor of Harris Hardwood Company, Inc., against J. T. Bandy and L. E. St. Clair, partners doing business as Bandy and St. Clair, on partnership debts, the one for $878.37 with interest and costs, and the other for $688.10 with interest and costs. The aggregate amount of these judgments is subject to a credit of $200 as of July 7, 1927, and a credit of $500 as of December 1, 1927. These two judgments were assigned to E. S. Bear, the complainant below, who is the appellee here.

Subsequently, after two judgments had been rendered against J. T. Bandy and W. D. Taylor, jointly, four judgments had been rendered against L. E. St. Clair individually, and six other judgments had been rendered against J. T. Bandy and L. E. St. Clair, jointly, the appellant, Savings and Loan Corporation, which was one of the defendants below, secured a judgment against J. T. Bandy on an individual debt for the principal sum of $6,496.73 with interest and costs and a ten per cent collection fee.

Later other judgments were procured against J. T. Bandy and L. E. St. Clair, jointly, on partnership debts and against both J. T. Bandy and L. E. St. Clair on their individual debts.

On January 2, 1929, E. S. Bear, assignee of Harris Hardwood Company, Inc., filed her bill in the Law and Chancery Court of the city of Roanoke against "J. T. Bandy and L. E. St. Clair, partners trading as Bandy and St. Clair," the object of which is to subject the real estate "owned by J. T. Bandy and L. E. St. Clair" and "the individual real property owned by J. T. Bandy and L. E. St. Clair" to the payment of said two judgments in favor of Harris Hardwood Company, Inc., against J. T. Bandy and L. E. St. Clair, partners doing business as Bandy and St. Clair.

The bill sets out certain real estate which it is alleged "stands of record in the name of J. T. Bandy and L. E. St. Clair," certain real estate which it is alleged belongs to J. T. Bandy "in his own name and right," and certain real estate in which it is alleged J. T. Bandy owns an one-half undivided interest, the other one-half interest belonging to Endimoor Company, Inc. But it does not allege that the real estate standing in the name of J. T. Bandy and L. E. St. Clair is partnership property.

The prayer of the bill is that "the said real estate, or so much thereof as may be necessary, be sold to satisfy the said judgments."

To this bill Savings and Loan Corporation, the appellant, and a number of the other judgment creditors holding judgments against J. T. Bandy and L. E. St. Clair, jointly, and against J. T. Bandy, individually, and L. E. St. Clair, individually, are made parties defendant.

By its decree entered January 26, 1929, the court referred this case to S. L. Fellers, one of the commissioners of the court, who was directed to report to the court on the following inquiries, among others:

"1. What real estate J. T. Bandy and L. E. St. Clair are seized and possessed of in their individual capacity.

"2. What real estate the said Bandy and St. Clair are jointly and severally seized and possessed of, and what real estate the said Bandy and St. Clair are seized and possessed of as partners.

"3. What are the liens binding upon the real estate of the said J. T. Bandy and L. E. St. Clair, owned and held by each in their individual capacity, together with the amounts of such liens and the order of their priorities as to each of said parties.

"4. What are the liens binding the real estate of the said Bandy and St. Clair as partners or in their joint and several capacities, together with the amounts of such liens and order of their priorities."

On March 15, 1929, Commissioner Fellers filed his report, in which he reports as follows:

I. "The real estate owned by J. T. Bandy and L. E. St. Clair, partners trading as Bandy and St. Clair, and the liens thereon with priorities in the order hereinafter set out."

Under this heading he reports three parcels of real estate, designated as A, B, and C; and that each of them is subject to certain liens for unpaid taxes therein set out, then to the lien of one or more deeds of trust in the order of priority therein mentioned, and then to "judgments as hereinafter set out." He also reports under this heading: "I find no other property in the name of J. T. Bandy and L. E. St. Clair jointly."

II. "The real estate owned by J. T. Bandy, and the liens thereon with priorities in the order hereinafter set out."

Under this heading he reports seven parcels of real estate designated as A, B, C, D, E, F and G. Parcels B, C, D and E he reports as subject first to certain tax liens therein mentioned, and then to "judgments as hereinafter set out."

The liens on parcel A he reports as first unpaid taxes, next two deeds of trust in the order mentioned, and then "judgments as hereinafter set out." The liens on each of the parcels F and G he reports as first taxes, next a deed of trust which is set forth, and then "judgments as hereinafter set forth."

III. "The one-half interest in real estate owned by J. T. Bandy, and liens thereon with priorities in the order hereinafter set out."

Under this heading he reports one lot in which J. T. Bandy owns one-half undivided interest and Endimoor Company, Inc., the other; and that J. T. Bandy's half interest is subject first to certain tax liens, and then to "judgments as hereinafter set out."

As to lines of judgments against J. T. Bandy the commissioner reports as follows:

The individual interest of J. T. Bandy in the property described above as being owned jointly by J. T. Bandy and L. E. St. Clair; and the individual property shown above to be owned by J. T. Bandy, as well as the one-half interest of J. T. Bandy in the property shown to be owned jointly by J. T. Bandy and the Endimoor Company, Inc., is subject to and liable to the payment of the following judgments, which are liens thereon in the order hereinafter set out; after the satisfaction of the specific liens on said properties."

The first two judgments listed are the two judgments of Harris Hardwood Company, Inc., against J. T. Bandy and L. E. St. Clair. The next is a judgment against J. T. Bandy and W. D. Taylor. The next three judgments are judgments against Bandy and St. Clair; next follows a judgment against J. T. Bandy and W. D. Taylor, and then three judgments against J. T. Bandy and L. E. St. Clair. Next comes the judgment of Savings and Loan Corporation against J. T. Bandy, which is reported as the eleventh judgment in order of priority. Then follow: Three judgments

against J. T. Bandy and L. E. St. Clair; a judgment against J. T. Bandy, L. E. St. Clair and John C. Ellis; a judgment against J. T. Bandy and W. D. Taylor; a judgment against J. T. Bandy; three judgments against J. T. Bandy and L. E. St. Clair, and finally a judgment against J. T. Bandy and W. D. Taylor.

The commissioner reports that he "finds no property in the name of L. E. St. Clair individually;" and as to the liens of judgments against L. E. St. Clair he reports as follows:

"The interest of L. E. St. Clair in the property shown above to be owned by J. T. Bandy and L. E. St. Clair, partners trading as Bandy and St. Clair, after the satisfaction of the specific liens thereon, is subject to and liable for the payment of the following judgments, in the order hereinafter set out."

The first two judgments listed under this heading are the said two judgments of Harris Hardwood Company, Inc., against J. T. Bandy and L. E. St. Clair. The next two are judgments against L. E. St. Clair. Then follow: Two judgments against J. T. Bandy and L. E. St. Clair; two judgments against L. E. St. Clair; five judgments against J. T. Bandy and L. E. St. Clair; a judgment against L. E. St. Clair; two judgments against J. T. Bandy and L. E. St. Clair; a judgment against L. E. St. Clair; and then three judgments against J. T. Bandy and L. E. St. Clair.

The commissioner further reports that "neither the property of J. T. Bandy and L. E. St. Clair owned jointly by them, nor the property of J. T. Bandy, will produce sufficient rent or income to pay off the liens thereon within five years."

The values of the several properties are not reported. Nor does the commissioner state in this report whether the judgments against J. T. Bandy and L. E. St. Clair jointly were rendered on partnership obligations or not.

The Savings and Loan Corporation excepted to this report on three grounds, only two of which need be noted here:

1st. Because "the said commissioner failed to take into consideration the fact that J. T. Bandy and L. E. St. Clair were partners dealing in real estate and in constructing dwellings."

2nd. Because the commissioner failed "to state in his report that the partnership assets should be applied first to the partnership debts and that the individual assets should be applied first to the individual debts, taking into consideration the priority of liens of the partnership creditors and the priority of liens of the individual creditors."

On April 5, 1929, the court entered its decree by which it overruled all exceptions to said report except the first exception above mentioned; confirmed said report, except in so far as it failed to take into consideration the fact that J. T. Bandy and L. E. St. Clair were partners dealing in real estate and in constructing buildings; "fixed the liens and their priorities against the real estate owned separately and individually by J. T. Bandy * * * as set out in Commissioner Fellers' report;" appointed special commissioners for the purpose, and ordered them to make sale of the real estate owned by J. T. Bandy individually; and referred this cause back to Commissioner Fellers to report to the court "what estate, real or personal, is owned by J. T. Bandy and L. E. St. Clair, partners trading as Bandy and St. Clair, and the liens thereon together with their amounts, dignities and priorities."

The decree of April 5, 1929, contains no order for the sale of the partnership real estate.

It would appear from a recital in a decree entered April 26, 1929, that the individual real estate of J. T. Bandy, or at least some of it, was advertised for sale on April 26, 1929. On that day Savings and Loan Corporation moved the court as follows:

"First: Not to allow his special commissioners to sell the property advertised for sale on this day until all the partnership property of J. T. Bandy and L. E. St. Clair had been sold and the distribution of the proceeds thereof applied to the partnership debts of the said J. T. Bandy and L. E. St. Clair.

"Second: That the court decree that, as J. T Bandy had been suggested a bankrupt, in the distribution of the assets from the sale of said property, the individual judgment lien creditors of J. T. Bandy should share in his assets ahead of the partnership judgment lien creditors, even though a partnership lien creditor has a judgment lien prior to the individual judgment liens."

The court by its decree entered April 26, 1929, overruled said motions.

On May 21, 1929, Commissioner Fellers, in response to the decree of April 5, 1929, filed his further report in which he reported:

That all the judgments reported in his former report as being against both J. T. Bandy and L. E. St. Clair, including the judgment against Bandy, St. Clair and John C. Ellis, were rendered on partnership debts of Bandy and St. Clair, and that said partnership owned no personal property. A judgment rendered against J. T. Bandy, L. E. St. Clair, A. F. Possing and John C. Ellis on December 28, 1927, which was omitted in his former report, should be inserted in the list of judgments in the order of its recovery; that the order of priority of the judgment of Jones Clothing Company against L. E. St. Clair should be changed so as to postpone it to the next succeeding judgment in the list of judgments against L. E. St. Clair, and that two additional judgments against J. T. Bandy, which had been rendered since the former report, should be added to the list of judgments theretofore reported.

The commissioner further reports as follows:

"Even though the commissioner is now treating the above real estate as partnership property in accordance with the testimony of both Bandy and St. Clair, he is of the opinion that the judgments set up in his former report are liens on said property in the order therein set out, or in the order of the recoveries of said judgments, whether the same were recovered against J. T. Bandy and L. E. St. Clair as partners or as individuals. The judgments set up in said report against J. T. Bandy, individually, and L. E. St. Clair, individually, are in the opinion of the commissioner liens on the partnership property to the extent of the interest of the said J. T. Bandy, or the said L. E. St. Clair, in said partnership property and should take their place, with reference to priorities, along with the partnership judgments regardless of any partnership relation in the order in which they were recovered. Your commissioner arrives at this opinion.

"(1st) Because the statute with reference to judgment liens on real estate makes a judgment a lien on the debtor's real estate or any interest therein, from the date of the recovery of said judgment.

"(2nd) Because the real estate in question stands in the name of J. T. Bandy and L. E. St. Clair without reference on the records of any partnership relation.

"(3rd) Because we are only dealing with lien creditors."

Savings and Loan Corporation excepted to said report of May 21st, stating the following grounds of exception:

1. The commissioner reports that the "partnership judgments and individual judgments should not be segregated as against the partnership assets and individual assets, but should take place in reference to the priority in which they were recovered."

2. It has been suggested that J. T. Bandy has been adjudicated a bankrupt, "and, as provided for by the uniform partnership act, in the distribution of the assets

from the sale of the property, the individual judgment lien creditors of J. T. Bandy should share in the assets obtained from the sale of his individual property ahead of the partnership lien creditors, even though there are partnership lien creditors prior to the individual judgment lien creditors."

By its decree entered May 25, 1929, the court decreed as follows:

"It appearing to the court that the commissioner is of the opinion for reasons set out in report filed herein on May 21, 1929, that the judgments against J. T. Bandy and L. E. St. Clair as partners, and judgments against J. T. Bandy and L. E. St. Clair, in their separate and individual capacity, are liens in the order of their rendition, and said judgments as recovered bind the partnership real estate as well as the individual real estate, owned by J. T. Bandy and L. E. St. Clair in their separate capacity and same are to be discharged out of the proceeds of the sale of both the partnership and the individual real estate of the said Bandy and St. Clair in the order aforesaid, it is so adjudged, ordered and decreed."

The decree makes the several corrections in the order of priority of judgment liens and additions which the commissioner reported should be made to the list of judgment liens contained in the report of March 15th; confirms the report of Commissioner Fellers, and fixes the liens on the partnership real estate and their order of priority as reported by Commissioner Fellers in his report of March 15, 1929, with the corrections above mentioned; and then appoints special commissioners for the purpose, and orders them to make sale of the real estate belonging to the partnership composed of J. T. Bandy and L. E. St. Clair.

Only portions of the record are certified up, and it does not affirmatively appear from the record here before us whether any of the property has been in fact sold, or what, if any, proceedings have been had since May 25, 1929.

From the said decrees of April 5, 1929, and May 25, 1929, the appellant, Savings and Loan Corporation, appeals, assigning the following errors:

1. "The court erred by entering its decree of April 5, 1929, decreeing that the property of J. T. Bandy should be sold before it had received the amended report of Commissioner Fellers, which report was to state the estate, real or personal, owned by J. T. Bandy and L. E. St. Clair, partners, trading as Bandy and St. Clair, the liens thereon together with their amounts, dignities, and priorities.

2. "The court erred by entering its decree of April 5, 1929, without ascertaining definitely the liens and their priorities against the property of J. T. Bandy.

3. "The court erred in entering the decrees complained of when they failed to follow the uniform partnership act, [Code 1924], section 4359 (40), paragraph 'h,' pertaining to distribution, which reads as follows:

" 'Where the partnership property and the individual properties of the partners are in possession of the court for distribution, the partnership creditors shall have priority on partnership property and separate creditors on individual property, *saving the rights of liens or secured creditors as heretofore.*' (Italics ours.)

4. "That bankruptcy had been suggested after the suit was commenced, and as the commissioner reported that J. T. Bandy had been adjudicated a bankrupt, the court erred in not following section 4359 (40), paragraph 'i,' which reads as follows:

" 'Where the party has become bankrupt or his estate insolvent the claims against the separate property shall rank in the following order:

" '1. Those owing to separate creditors.

" '2. Those owing to partnership creditors.

" '3. Those owing to partners by way of contribution.' "

The fourth assignment of error is without merit.

■ It is not shown at what time J. T. Bandy was adjudicated a bankrupt; but the record warrants the assumption that it was on or shortly before April 26, 1929. The judgment of the appellant was rendered September 24, 1928, and this and all the other judgments herein reported, with the exception of a few of the later ones, were rendered long prior to four months preceding the time that J. T. Bandy was adjudicated a bankrupt. Neither the bankrupt act (11. U. S. C. A.), nor section 4359 (40), paragraph "i," above quoted, has the effect of nullifying or disturbing the order of priority of judgment liens acquired more than four months prior to the adjudication in bankruptcy.

The appellant cites *Cutler Hardware Co.* v. *Hacker*, 238 Fed. 146, 38 A. B. R. 488 (C. C. A. Iowa); *In re Hacker & Co.*, 225 Fed. 869, 35 A. B. R. 647 (D. C. Iowa), as sustaining his contention that "the reduction of a partnership debt to judgment under the State law against both the partnership and the individual members does not change the inherent character of the debt, and the partnership creditor does not thus gain a right to primary distribution on the individual estates. These authorities have no application to the case at bar. In each instance the judgments in question were rendered within nine days before the adjudication in bankruptcy, and the liens thereof were nullified by the provisions of section 67-f of the bankrupt act (11 U. S. C. A.), section 107 (f).

■ The third assignment of error raises the major question here in controversy.

Section 4359 (40), paragraph "h," makes statutory the long established rule in equity that when partnership property and the individual properties of the partners are in the possession of the court for distribution, partnership creditors have priority on partnership property and separate creditors priority on individual property; but it expressly saves to lien or secured creditors their rights "*as heretofore,*"

that is, as under the application of said rule in a court of equity independent of the statutory enactment thereof.

■ The lien upon real estate of a judgment is a statutory lien provided for by section 6470, Va. Code 1919, which provides: "Every judgment for money granted in this State * * * shall be a lien on all the real estate of or to which the defendant in such judgment is or becomes possessed or entitled" on or after the date of such judgment, or such other time as the section fixes for the attachment of the lien.

■ "A judgment creditor who comes into a court of equity to enforce his lien upon land is not asserting an equitable right or seeking equitable relief. His judgment is a legal lien." *Flanary* v. *Kane,* 102 Va. 547, 46 S. E. 312 at page 315, 681.

■ A joint judgment against partners on a partnership debt is a judgment against the partnership and each partner, and its lien, together with its order of priority as between it and other judgments, becomes fixed on partnership real estate and on the individual real estate of each judgment debtor when the judgment is rendered.

■ In the administration of partnership and individual assets equity follows the law and recognizes and enforces legal liens according to their priorities. *Straus* v. *Kerngood,* 21 Gratt. (62 Va.) 584; *Meech* v. *Allen,* 17 N. Y. 300, 72 Amer. Dec. 465.

"Courts of equity, in the administration of assets, follow the rules of law in regard to legal assets, and enforce all antecedent liens, claims, and charges existing upon the property, according to their priorities." *Averill* v. *Loucks,* 6 Barb. (N. Y.) 470, cited with approval *Meech* v. *Allen,* 17 N. Y. 300, 72 Amer. Dec. 465.

"When the partnership creditor, by virtue of his judgment or execution, acquires a lien upon the separate estate of a partner, he has obtained a legal advantage of which he

cannot be deprived by anyone having only equal equity with himself." *Straus* v. *Kerngood*, 21 Gratt. (62 Va.) 584, at p. 588.

Hence neither under the prevailing rule in equity for the distribution of partnership and individual assets, nor under the statutory enactment thereof in the uniform partnership act (section 4359 (40), paragraph "h," Code, Va. 1924), is the lien of a partnership judgment on individual real estate postponed to the liens of judgments subsequently rendered on individual obligations.

A joint judgment against the several partners of a partnership on a partnership debt is a lien upon the partnership real estate and also upon the individual real estate of each of the partners. As to the individual real estate of each partner such partnership judgment has the same effect and priority as if such judgment were a judgment against that partner alone on his individual debt, and takes priority over subsequent judgments rendered on the individual debts of that partner. *Pitts* v. *Spotts*, 86 Va. 71, 9 S. E. 501; *Straus* v. *Kerngood*, 21 Gratt. (62 Va.) 584; *Lauffer* v. *Cavett*, 87 Pa. 479; *Clark* v. *Johnson*, 7 Ala. App. 507, 61 So. 34; *Reid* v. *House*, 2 Humphr. (Tenn.) 576; *Hoskins, Huskill & Co.* v. *Johnson & Garrett*, 24 Ga. 625; *Meech* v. *Allen*, 17 N. Y. 300, 72 Amer. Dec. 465; 34 C. J., Judgments, section 914; 34 C. J., Partnership, p. 1013.

But the converse of this is not true. In the absence of the interference of the recording acts or other statutory provisions, a judgment against an individual member of a partnership on an individual obligation is, as to partnership real estate, subordinate to junior judgments of partnership creditors. This is true whether the legal title to the partnership real estate be held in the partnership name, as it may be under the uniform partnership act (section 4359 (8) Code, Va. 1924), or be vested in the partners jointly, or in the partner against whom the prior individual judgment

was rendered. *Diggs' Adm'r* v. *Brown*, 78 Va. 292; 47 C. J., Partnership, p. 1013; 34 C. J., Judgments, section 914, p. 598; *Harney* v. *First Nat. Bank*, 52 N. J. Eq. 697, 29 Atl. 221; *Erwin's Appeal*, 39 Pa. 535, 80 Amer. Dec. 542; *Hoskins, Huskill & Co.* v. *Johnson & Garrett*, 24 Ga. 625; *Bowen* v. *Billings, Boise & Co.*, 13 Neb. 439, 14 N. W. 152; *Page* v. *Thomas*, 43 O. St. 39, 1 N. E. 79, 54 Amer. Rep. 788.

■ At common law, as well as under the uniform partnership act (section 4359 (36), Code, Va. 1924), the *interest* of a partner in the partnership assets, real and personal, is his share of the profits and surplus after the payment of all partnership debts, including those due to the other partners (*Maddock's Adm'x* v. *Skinker*, 93 Va. 479, 25 S. E. 535, section 4359 (36) Va. Code, 1924); and each partner is in equity and under the uniform partnership act entitled to have the partnership assets, real and personal, applied primarily to the payment of partnership debts.

■ ■ Where the legal title to partnership real estate is vested in the individual partners, or in any of them, each partner holds the legal title vested in him in trust for the partnership, at least, so far as may be necessary to pay the partnership debts and adjust the equities between the partners; and this equity of each partner to have such land applied primarily to the payment of firm debts is superior to any lien individual judgments may have thereon, except where the recording acts or other statutory provisions intervene to prevent. For, if the recording acts or other statutory provisions do not interfere, the lien of a judgment reaches only such right as the judgment debtor has in the property, subject to all equities against it; and the judgment creditor can never get by his judgment more than his debtor really owns, and to this he will be confined by a court of equity. *Borst* v. *Nalle, et al*, 28 Gratt. (69 Va.) 433; *Floyd, Trustee,* v. *Harding*, 28 Gratt. (69 Va.) 407; *Coldiron* v. *Asheville Shoe Co.*, 93 Va. 364, 25 S. E. 238;

*McClanahan* v. *Norfolk, etc. R. Co.*, 122 Va. 705, 101 S. E. 453; *Van Nostrand & Co.* v. *Va. Zinc, etc., Corp.*, 126 Va. 131, 101 S. E. 65, *Harney* v. *First Nat. Bank*, 52 N. J. Eq. 697, 29 Atl. 221.

Where partnership real estate has been conveyed to the partnership in the partnership name, or where it appears from a duly recorded deed conveying the property that it was conveyed to the partners jointly as partners, or to them jointly, or to any one of them, as partnership property, clearly there is nothing in the recording acts which intervenes to prevent the application of the general rule; and in such case a judgment against an individual partner on an individual debt is, as to the partnership real estate, subordinate to judgments against the partners on partnership debts subsequently rendered. *Mann* v. *Paddock*, 108 Va. 827, 63 S. E. 951; *Bank* v. *Myerly*, 13 Pa. St. 544; *Cunningham* v. *Ward*, 30 W. Va. 572, 5 S. E. 646.

When partnership real estate purchased with partnership funds for partnership purposes is conveyed to the partners jointly by a deed which makes no reference to the partnership relation, the only statute which might be deemed to operate to prevent the application of the general equity rule, now made statutory, above mentioned, is section 5192, Va. Code, 1919, which provides: "Every contract, not in writing, made in respect to real estate * *, or made for the conveyance or sale of real estate * * * shall be void, both at law and in equity, as to purchasers for value and without notice and creditors."

But under the doctrine of *Straley* v. *Esser*, 117 Va. 135, 83 S. E. 1075, it is held that section 5192 has no application to resulting trusts, and that where one holds the legal title to real estate which is impressed in his hands with a resulting trust, such trust may be enforced and is good against his judgment creditors. It should be noted, however, that a different rule prevails where it is sought to set

up by parol a resulting trust against subsequent purchasers for value and without notice. *Ransome* v. *Watson's Admr.*, 145 Va. 669, at pp. 674–675, 134 S. E. 707.

██ Where real estate purchased with partnership funds for partnership purposes is conveyed to the partners jointly by a deed which makes no reference to the partnership relation, there at once arises a resulting trust that the title shall be held in trust for partnership purposes in so far, at least, as may be necessary to pay the partnership debts and to adjust the equities between the partners. *M'Cully* v. *M'Cully*, 78 Va. 159; *Harney* v. *First Nat. Bank*, 52 N. J. Eq. 697, 29 Atl. 221; Pomeroy Eq. Jurisp. (4th Ed.) section 422. See also cases cited in notes in 28 L. R. A. 161 and 37 L. R. A. (N. S.) 889. Therefore, in such cases also, the general rule that a judgment against an individual partner on an individual obligation is, as to partnership real estate, subordinate to junior judgments of partnership creditors, applies.

██ ██ Not only is an individual judgment lien subordinate, as to partnership real estate, to the lien of a junior partnership judgment; but in the absence of facts creating some independent equity, a junior individual judgment creditor may not in equity postpone the right of a senior partnership judgment creditor to resort to the individual real estate of a partner for the collection of his debt by compelling the partnership judgment creditor to resort first to the partnership real estate, before having recourse to the individual real estate; nor, if the senior partnership judgment be paid out of the proceeds of the individual real estate of the partner, is the individual judgment creditor entitled in equity to be given priority as to partnership real estate over subsequent partnership judgment creditors by being subrogated to the lien of the partnership judgment against partnership real estate. *Rixey* v. *Pearre*, 89 Va. 113, 15 S. E. 498; *Guggenheimer* v. *Martin*, 93 Va. 634,

25 S. E. 881; *Sands' Admr.* v. *Durham*, 98 Va. 392, 36 S. E. 472, 54 L. R. A. 614, on rehearing, 99 Va. 263, 38 S. E. 145, 54 L. R. A. 614, 86 Amer. St. Rep. 884; *Meech* v. *Allen*, 17 N. Y. 300, 72 Amer. Dec. 465; *House* v. *Thompson*, 3 Head (Tenn.) 512; *Lyons* v. *Murray*, 95 Mo. 28, 8 S. W. 170, 6 Am. St. Rep. 17; *Page* v. *Thomas*, 43 Ohio St. 38, 1 N. E. 79, 54 Amer. Rep. 788; *Sterling* v. *Brightbill*, 5 Watts (Pa.) 229, 30 Amer. Dec. 304; *Edison Elec. Illuminating Co.* v. *De Mott*, 51 N. J. Eq. (6 Dick.) 16, 25 Atl. 952; *Wisham & Kay* v. *Lippincott*, 9 N. J. Eq. (1 Stockton) 353; *Markham* v. *Calvit's Exors.*, 6 Miss. (5 How.) 427; *Barrett* v. *Furnish*, 21 Or. 17, 26 Pac. 861; *Evans* v. *Rhea*, 12 Ky. L. R. 224, 14 S. W. 82; *Equitable Trust Co.* v. *Central Trust Co.*, 145 Tenn. 148, at p. 184, 239 S. W. 171, at p. 181; *Baily* v. *Brownfield*, 20 Pa. St. R. (8 Harris) 41; *Fessler* v. *Hickernell*, 82 Pa. St. R. (1 Norris) 150; 47 C. J., Partnership, section 235 and 413, p. 793 and 921; 18 R. C. L. (Marshalling) p. 461; 25 R. C. L. (Subrogation, section 47) p. 1364; 54 L. R. A., note, p. 622; 12 L. R. A. (N. S.), note, p. 966; 59 L. R. A. (N. S.), note, p. 1000.

██ The general rule is that, where a junior lien creditor has a lien on one fund and a senior lien creditor has a lien on that and another fund, a court of equity will not compel the senior lien creditor to resort first to the fund upon which he alone has a lien, or, upon the payment of the senior lien out of the fund subject to both liens, substitute the junior lienor to the lien of the senior lienor against the fund which is subject only to the senior lien, unless the lien creditors are creditors of the same debtor and the funds or properties subject to the liens are the properties of the same debtor. *Rixey* v. *Pearre*, 89 Va. 113, 15 S. E. 498; *Guggenheimer & Co.* v. *Martin & Co.*, 93 Va. 634, 25 S. E. 881; *Sands' Admr.* v. *Durham*, 99 Va. 263, 38 S. E. 145, 54 L. R. A. 614, 86 Am. St. Rep. 884; 12 L. R. A. (N. S.), note, p. 965; 39 L. R. A. (N. S.), note, p. 1000; 54 L. R. A., note, p. 614.

Where the two liens involved are judgments, the one against partners on a partnership judgment, and the other against one of the partners on his individual debt, and the two funds involved, the one partnership real estate and the other individual real estate of the partner, the properties which it is sought to marshall are not in equity the property of the same debtor, except to the extent that the partnership property after the payment of partnership debts and the adjustment of the equities between the partners belongs to the partner against whom the individual judgment is.

"In order for a creditor who has a lien upon one fund to be entitled to substitution to the rights of a creditor who has a lien upon that and another fund, it is a necessary condition, among other things, that *both funds* upon which the prior creditor's claim is secured should be the *property of the same debtor*, and this condition does not exist where the assets of a partnership constitute one of the funds and the individual property of a member of the partnership constitutes the other fund, unless that partner has in equity become entitled to the partnership assets and become primarily liable for the partnership debts." *Guggenheimer & Co.* v. *Martin & Co.*, 93 Va. 634, at pp. 639–640, 25 S. E. 881, 882.

"Nor does it" (the right to have assets marshalled) "exist where the assets of a partnership constitute one of the funds and the individual property of one of the partners constitutes the other fund, unless the partner has become entitled in equity to the partnership assets, and become primarily liable for the partnership debts." 18 R. C. L., Marshalling, p. 461, citing 12 L. R. A. (N. S.), note, p. 966, and 39 L. R. A. (N. S.), note, p. 1000.

■ Ordinarily the several partners are not sureties for the payment of a partnership debt. The partnership is not primarily liable and the partners secondarily liable for the

payment of a partnership debt. The partners are joint obligors for the payment thereof.

In the absence of facts which create some independent equity, if one of the partners pays a partnership debt which is a lien upon partnership assets, real or personal, he is not entitled to be subrogated to the lien of the partnership creditor on partnership property as against other partnership creditors so as to give him priority over the other creditors of the partnership. He has the right to bring such payments into his accounts upon a settlement of the partnership accounts; and if the partnership assets are insufficient to pay the partnership debts and adjust the equities in his favor against the other partners, he is entitled to contribution from his fellow partners; and a court of equity will keep alive the lien of the partnership judgment on the individual property of his fellow partners to enforce such contribution against the property of the other partners. But equity will not, in the absence of independent equities, keep alive the lien of the partnership judgment on the partnership property for the benefit of a partner who has paid off the same so as to give him priority as to partnership property over other partnership creditors.

"One partner who pays firm debts with his individual means does not become subrogated to the rights of the creditors whose debts he pays, so as to come into competition with other firm creditors, but has merely the right to bring such payments into his accounts. The reason why subrogation is not allowed to one partner against his copartner is because as between them there is no obligation to pay the debt resting upon the one superior to that which rests upon the other; the firm is not primarily and the other secondarily liable." 25 R. C. L., Subrogation, section 47, page 1364; *Lyons* v. *Murray*, 95 Mo. 23, 8 S. W. 170, 6 Am. St. Rep. 17; *Sands' Admr.* v. *Durham*, 98 Va. 392, 36 S. E. 472, 54 L. R. A. 614; *Id.*, 99 Va. 263, 38 S. E. 145, 86. Am. St. Rep. 884, 54 L. R. A. 614, and note.

"Where one partner during the existence of the partnership pays a firm debt on which all of the partners are equally liable no right of subrogation exists in his favor according to the weight of authority—at least until it is shown by a partnership accounting that a balance is due him. But where the partnership has been dissolved by death of one partner or otherwise, and the partnership accounts have been settled, and one partner, or the estate of a deceased partner, thereafter pays a firm debt, the right of subrogation exists, according to the weight of authority, and if one partner has agreed to pay a particular debt or all the firm debts, the partners occupy the position of principal and surety as between themselves, and if the other partner thereafter pays such debt or debts the right of subrogation exists in his favor." 54 L. R. A. (note), page 622.

"While a partner who pays a firm debt has the right to be subrogated to the rights of the creditor against the firm and his co-partners, he is not entitled to prorate with other firm creditors in the firm's assets; but has only the right to bring such payments into the partnership account, and, after the payment of other firm debts, to be credited therewith in a settlement between the partners." 47 C. J., Partnership, page 937; *Lyons* v. *Murray*, 95 Mo. 23, 8 S. W. 170, 6 Am. St. Rep. 17; *Equitable Trust Co.* v. *Central Trust Co.*, 145 Tenn. 148, 239 S. W. 171; *Edison Elec. Illuminating Co.* v. *DeMott*, 51 N. J. Eq. 816, 25 A. 952.

An individual judgment creditor cannot secure, by virtue of his judgment, any greater rights in the partnership property, real or personal, than such partner himself would have. Therefore, where the separate real estate of one partner is sold to pay the judgment for a partnership debt, a subsequent individual judgment creditor of such partner is not entitled to be substituted to the lien of such partnership judgment on partnership property so as to give him priority over other partnership creditors or to defeat the equities of the other partners. *Buchan* v. *Sumner*, 2

Barb. Ch. (N. Y.) 165, 47 Amer. Dec. 305; *Sterling* v. *Brightbill*, 5 Watts (Pa.) 229, 30 Am. Dec. 304.

 The general rule with reference to the marshalling of assets and the application of the doctrine of subrogation above mentioned is subject to the qualification, recognized in the authorities above cited, that, though the funds belong to different persons, yet if from independent equities there is, in equity, a duty resting upon the owner of the property which is subject to the two liens to pay off the lien thereon to the exoneration of the owner of the property which is subject to only one lien, a court of equity will enforce that duty at the instance of the junior lien creditor who has a lien on only the one property by marshalling the assets or applying the doctrine of subrogation. But in the instant case the appellant has neither alleged nor proved that the partnership property is sufficient to pay partnership debts and adjust the equities between the partners, or any other facts, which create any independent equities which take the case out of the general rule.

 The court did not err in adjudging that the judgments against J. T. Bandy and L. E. St. Clair jointly on partnership debts are liens on the real estate of J. T. Bandy, and that the said partnership judgments and individual judgments take priority, as to the individual real estate of J. T. Bandy, in the order in which they were rendered.

 But the court did err in its decree of May 25, 1929, in that it, in effect, adjudged that the individual judgments rendered against J. T. Bandy on his individual debts are liens on a one-half undivided interest in the partnership real estate, taking rank along with the partnership judgments in the order in which the several judgments were rendered; and that, likewise, the individual judgments against L. E. St. Clair on his individual debts are liens on the other one-half undivided interest in the partnership real estate in the order in which the several judgments were

rendered. The court should have decreed that the partnership judgments, as to the partnership real estate, took priority over all judgments against either J. T. Bandy or L. E. St. Clair on their individual debts, whether the individual judgments were rendered before or after the partnership judgments.

In the case at bar, we have not found it necessary to pass upon the interesting question of whether, under the provisions of the uniform partnership act (see particularly sections 4359 (25), 4359 (26) and 4359 (28) Code, Va. 1924), a judgment against an individual partner on an individual obligation *constitutes a lien* on partnership real estate or not; and we reserve any expression of opinion on this question until we shall have had the benefit of argument of counsel thereon.

■ The second assignment of error is based upon a misconception of the facts. The court did ascertain and definitely fix the liens on the individual property of J. T. Bandy and the order of their priorities in its decree of April 5, 1929, before ordering the individual real estate of J. T. Bandy to be sold. It is immaterial that the court recommitted the cause to the commissioner to report whether the joint judgments against J. T. Bandy and L. E. St. Clair were rendered on partnership debts or not; for the ascertainment of this fact could in no way affect the order of priority of these judgments on the individual real estate. Their order of priority was the same whether rendered on partnership debts or on simple joint obligations.

■ It is true that from the second report of the commissioner filed May 21, 1929, it appears that in his report of March 15, 1929, an error had been made in reporting the order of priority of one of the individual judgments against J. T. Bandy, and that one judgment was omitted which should have been reported; and that the decree of the court confirming the report was in error in these same

particulars. These judgments were rendered after the judgment of the appellant, and hence this in no way affected the rights of the appellant; nor does the fact that the court has made an error in determining the liens on the property and their order of priority render a decree for the sale of the property erroneous on the ground that the rule requiring liens to be determined before the order of sale is entered has not been complied with, unless it clearly appears that the objector was prejudiced by having sale made under the erroneous determination of liens. These errors have been corrected by the decree of May 25, 1929.

 This brings us to the first assignment of error, which is that the court erred in ordering a sale of the individual assets of J. T. Bandy before it had definitely determined the liens on the partnership real estate, with their amounts and priorities.

The way in which appellant alleges that it was prejudiced by this action of the court is, as set forth in the petition for appeal, this: "Your petitioner attended the sale of the property (*i. e.*, J. T. Bandy's individual real estate), but was unable to bid on the same, as until the commissioner made his second report (*i. e.* until the liens on the partnership real estate, with their amounts and priorities, had been definitely determined), it could not know to what judgments would be applied the money derived from the sale of the property," *i. e.*, the individual real estate of J. T. Bandy.

The point here made is not that the individual judgment creditors were entitled to have the partnership judgment creditors subject the partnership real estate to the lien of their judgments before having recourse to the individual real estate, but that the individual creditors were entitled to have the liens on both the partnership and individual real estate definitely determined before an order for the sale of the individual real estate was entered.

It has been held in Virginia that it is premature and erroneous to sell real estate for the payment of the liens thereon, until the liens thereon, with their amounts and the order of their priorities, have been definitely determined. *Alexander* v. *Howe*, 85 Va. 198, 7 S. E. 248; *Daingerfield* v. *Smith*, 83 Va. 81, 1 S. E. 599; *Fidelity Loan Co.* v. *Dennis*, 93 Va. 504, 25 S. E. 546; *Houck* v. *Dunham*, 92 Va. 211, 23 S. E. 238. But we have been cited to no case which holds, even where the doctrine of subrogation is applicable, that where, in a lien creditors' suit there are two parcels of real estate subject to liens, some of which are common to both parcels and some of which are not, and both parcels must be sold to satisfy the liens thereon, it is premature and erroneous to sell one of the parcels, upon which the liens have been definitely determined, before the liens on the other parcel have been determined. The rule requiring that the liens on real estate to be sold for the satisfaction thereof be ascertained before an order of sale for the real estate is entered does not extend so far; and has been complied with when the liens on the parcel of real estate to be sold have been definitely determined before that parcel has been ordered to be sold.

The decree of April 5, 1929, will be affirmed.

The decree of May 25, 1929, will be reversed in so far as it decrees that the judgment of Savings and Loan Corporation against J. T. Bandy, which was rendered on an individual debt of J. T. Bandy, is a lien on the partnership real estate, taking priority over judgments subsequently rendered against J. T. Bandy and L. E. St. Clair on partnership debts.

The only two parties to this appeal are the Savings and Loan Corporation and E. S. Bear, and no order will be here entered as to the order of priority of other individual judgment creditors as to partnership real estate; but in the distribution of the proceeds of sale of partnership real

estate the court may, as to all such parties, correct any errors that it may have made in establishing the liens on the partnership real estate and their order of priority, to the same extent as if this appeal had not been taken.

The appellee is the party here substantially prevailing, and the cost of this appeal will be paid by the appellant.

*Reversed in part.*